# White Company, Appellant, *v.* Fayette Automobile Company.

*Practice, C. P.—Amendments—Parties—Addition of new parties.*

1. Statutes of amendment are liberally construed to give effect to their clearly defined intent so as to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments, however, will not be allowed to the prejudice of the other party, by introducing a new cause of action or bringing in a new party or changing the capacity in which he is sued. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect will be to bring a new party on the record, it should be refused.

2. Where the defendant in an action of assumpsit is named as a corporation, the record cannot be amended so as to add the names of five individuals as partners doing business under the name given as the name of the original defendant.

Argued April 19, 1910. Appeal, No. 181, April T., 1910, by plaintiff, from order of C. P. Fayette Co., March T., 1909, No. 220, refusing permission to amend the record in case of the White Company v. Fayette Automobile Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on book accounts. Before UMBEL, J.

From the record it appeared that the suit was brought on a book account running from September 3, 1907, to August 3, 1908.

Other facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing the amendment.

*H. S. Dumbauld,* for appellant.—There is no question as to the statute of limitations. The only question is the right of plaintiff to the amendment. Appellant contends that the right was clear, and its refusal error:

Hackett v. Carnell, 106 Pa. 291; Wright v. Eureka Tempered Copper Co., 206 Pa. 274; McBride v. R. R. Co., 49 Pitts. L. J. 224; Bold v. Harrison, 1 W. N. C. 154; Lippincott v. Hopple, 2 W. N. C. 186; Kaylor v. Shaffner, 24 Pa. 489.

*H. L. Robinson*, of *Robinson, McKean & Martin*, for appellee, cited: Com. ex rel. v. Dillon, 81* Pa. 41.

OPINION BY ORLADY, J., July 20, 1910:

On January 13, 1909, the plaintiff brought this action in assumpsit, and the return to the summons was made in the following form: "January 16, 1909.   Served this writ upon the within named Fayette Automobile Company by handing a true and attested copy thereof, together with a copy of the plaintiff's statement to George Whyel, treasurer, of said Company."   February 16, 1909, George Whyel appeared and pleaded non assumpsit and nul tiel corporation.   On January 10, 1910, the plaintiff moved to amend the record by adding the names of the parties defendant, so that they should be Alfred Johnston, S. C. Johnston, F. H. Rosboro, George G. Gans and George Whyel, partners, doing business as the Fayette Automobile Company, incorporated, and to issue an alias summons issue against the said parties defendant.   The amendment was refused by the court, to which counsel excepted, and this appeal was taken, with the order of the court as the only assignment of error.

Statutes of amendment are liberally construed to give effect to their clearly defined intent so as to prevent a defeat of justice through a mere mistake as to parties or the form of action.   Amendments, however, will not be allowed to the prejudice of the other party, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued.   A party whose name it is asked to amend must be in court.   If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect

will be to bring a new party on the record, it should be refused: Wright v. Eureka Tempered Copper Co., 206 Pa. 274.

The plaintiff, when he discovered his error, elected to pursue this particular question rather than to discontinue and sue the admittedly proper parties. The exact character of the first named defendant is not shown, but whether existent or nonexistent, is a person and not a corporation. The five named defendants, to be substituted, are designated as partners, doing business as the "Fayette Automobile Co., Incorporated," certainly different and independent defendants, who were not in court at the time the amendment was requested. It was not a case of bringing the right defendant into court under a wrong name, but that of suing a wrong party, and the well-defined limitation to the right of amendment, is that a new cause of action shall not be introduced, or new parties brought in after the statute has become a bar. It is not always wise to generalize upon such a subject, but it must be an extraordinary case which would justify a court under our statute of amendment, in introducing a new party not claiming under, nor in privy with the original defendant: Commonwealth ex rel. v. Dillon, 81* Pa. 41; Coyne v. Ry. Co., 227 Pa. 496.

The assignment of error is not sustained. The judgment is affirmed.