## Leonard v. Atlas Nitrated Products Company et al.

*Practice, C. P.—Parties—Names—Omission of word "limited" from corporate name—Amendment.*

Where an insurance company has been served with a writ of attachment execution and has appeared by counsel, its name in all the proceedings may be amended by the addition of the word "limited," which is a part of its corporate title, and which had been omitted by mistake.

Rule to amend by adding the word "Limited" to the name of the garnishee. C. P. Schuylkill Co., March T., 1921, No. 193.

*A. D. Knittle,* for plaintiff; *John F. Whalen,* for defendant.

Koch, J., Dec. 18, 1922.—An inspection of the attachment execution in this case, which is dated Feb. 3, 1921, discloses service of the writ Feb. 11, 1921, on Thomas B. Donaldson, as attorney for The Ocean Accident and Guarantee Corporation, Limited, of London, England, as garnishee. The said corporation, limited, entered no appearance, but The Ocean Accident and Guarantee Corporation and the Atlas Nitrated Products Company entered an appearance *de bene esse* Feb. 28, 1921. The plaintiff filed ten interrogatories, and The Ocean Accident and Guarantee Corporation, Limited, filed an answer to the first eight and attached to its answer a copy of an insurance policy issued by it to R. W. Gunnell, H. K. Beecher and George M. Keiser, trading as the Nitrated Products Company. It also averred in its answer that "the garnishee named did not insure the Atlas Nitrated Company," and that "The Ocean Accident and Guarantee Corporation did not have insurance business with the Nitrated Products Company. The insurance business was between The Ocean Accident and Guarantee Corporation, Limited, and R. W. Gunnell, H. K. Beecher and George M. Keiser, trading as Nitrated Products Company." It further averred that "neither Nitrated Products Company or Keiser, Gunnell and Beecher, or either of them, or the Atlas Nitrated Products Company, had a policy of insurance with the garnishee named covering the liability of them, or either of them, for injury, fatal or non-fatal, to the employees at Mount Carmel, in North Manheim Township, for the years 1914, 1915, 1916." Notwithstanding plaintiff's apparent error in stating the name of the garnishee, he obtained a rule on "The Ocean Accident and Guarantee Corporation" on Jan. 2, 1922, to show cause why *it* "should not fully answer the interroga-

tories numbers nine and ten," which he had excepted to, and The Ocean Accident and Guarantee Corporation, Limited, made answer thereto on Aug. 11, 1922, in which it, *inter alia*, said: "The garnishee named in this case, The Ocean Accident and Guarantee Corporation, has no legal existence, so far as the garnishee is aware," and "the attorneys who represented the defendant in the suit brought by Frank Leonard were not the attorneys for The Ocean Accident and Guarantee Corporation, named as garnishee." From all of which we must find that the real or intended garnishee was served and that it actually appeared by answering the interrogatories which were intended for it to answer. In fact, it calls itself the garnishee when it says, "the garnishee named in this case, The Ocean Accident and Guarantee Corporation, has no legal existence, *so far as the garnishee is aware*."

The present rule is on The Ocean Accident and Guarantee Corporation, Limited, of London, England, "to show cause why the præcipe for writ of attachment execution, with notice to garnishee, the writ itself, the interrogatory *sur* attachment and plaintiff's exceptions to the garnishee's answers, and all other writs and papers filed in said proceedings should not be amended, so that the name of the garnishee shall be changed from The Ocean Accident and Guarantee Corporation to The Ocean Accident and Guarantee Corporation, Limited, of London, England, and, further, why The Ocean Accident and Guarantee Corporation, Limited, of London, England, should not answer the interrogatories as so amended."

Plaintiff avers in his petition for the rule that his counsel "accidentally learned that the policy for the industrial insurance had been written in favor of the Atlas Nitrated Products Company, Inc., by The Ocean Accident and Guarantee Corporation, which covered the injuries of the plaintiff;" and, again, "that the true name of the garnishee had never been known to him before," etc. This rule was answered Nov. 14, 1922, by "Jno. F. Whalen, attorney," who, in the answer, *inter alia*, says: "The Ocean Accident and Guarantee Corporation, Limited, is not in court, and there is no authority to amend the name of The Ocean Accident and Guarantee Corporation, there being no such artificial person. The statutes relating to amendments do not extend so as to amend by adding a new party, and that is what this application amounts to." And, further, ". . . the proceeding so far is a nullity, for the reason that the garnishee named does not exist and did not at the time of the issuing of the attachment execution."

Therefore, it is clearly established that the plaintiff was innocently mistaken as to the correct name of the insurance company. And it is equally clear that the real party was aware of the fact. It came forward and volunteered the correct name of the intended garnishee when it answered the interrogatories, and thereby entered its appearance of record. Its counsel are the same as those who appeared by præcipe for "Ocean Accident and Guarantee Corporation, garnishee," which is only a myth. But the respondent insists that an amendment in such a case as this is not provided for by the statutes for making amendments. Its position is untenable.

In McGinnis v. Valvoline Oil Works, 251 Pa. 407, McGinnis sued "The Valvoline Oil *Works*, Limited, a corporation," for injuries sustained by him while at work for the defendant. Afterwards he learned that the defendant was not "a corporation," but "a partnership association." The attorneys who accepted service for the defendant also represented "The Valvoline Oil *Company*," which was not a myth, but with which the plaintiff had had no connection. The Supreme Court said: "The plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer, and

2 D. & C.

this he had a right to correct." In White Co. v. Fayette Auto Co., 43 Pa. Superior Ct. 532, 533, the court said: "Statutes of amendment are liberally construed to give effect to their clearly defined intent so as to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments, however, will not be allowed to the prejudice of the other party, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused: Wright v. Eureka Tempered Copper Co., 206 Pa. 274."

The right party was originally served and is now in court, and it may, therefore, be here known by its correct name. The amendment prayed for will correct a clear case of error and must be allowed. Such amendment will not introduce a new party; it will only put upon the record the correct name of the party actually sued and who is already in court.

The rule is made absolute.

From M. M. Burke, Shenandoah, Pa.