## Markel v. Dowling & Company, Inc.

*Practice—Parties—Names—Amendment—Statute of limitations.*

1. If a party be brought into court under a wrong name, an amendment will be permitted.

2. In an action of trespass, where defendant is named as a corporation, and counsel for same accepts service and enters a general appearance, its name may be amended to that of a partnership, even though the statute of limitations bars another action.

Rule to amend by changing defendants' name to "John Dowling and John Uraschik, a copartnership, trading and doing business as Dowling & Company." C. P. Cambria Co., March T., 1923, No. 290.

*W. C. Fletcher* (of Blair County Bar) and *Mathiot Reade*, for rule.

*Shettig & Nelson*, contra.

EVANS, P. J., April 7, 1924.—On Jan. 12, 1923, the above named plaintiffs instituted an action of trespass, naming Dowling & Company, a corporation, as the defendant, and at the same time filed their statement. On Jan. 16, 1923,

Messrs. Shettig & Nelson accepted service of the writ and plaintiffs' statement of claim, and on the same day entered their appearance for the defendant.

The cause of action set up in plaintiffs' statement arose on Jan. 28, 1923, as the result of the injury and death of their child, which was charged to the negligence of the defendant.

On May 28, 1923, the plaintiffs filed a motion to change the name of the defendant to John Dowling and John Uraschik, a copartnership, trading and doing business as Dowling & Company. A rule to show cause was granted, and an answer filed by Dowling & Company through Shettig & Nelson, attorneys, setting up that the cause of action set forth in the statement arose with the death of the minor child of the plaintiffs on Jan. 31, 1922, and that the motion to amend the record by substituting the names of the respondents as parties defendant in the case was more than one year after the cause of action had arisen, that, therefore, the statute of limitations would prevent the amendment, and also that the amendment, if allowed, would substitute the respondents as defendants in place of the alleged corporation, which would be an amendment introducing new parties.

It is well settled that under the Act of May 4, 1852, P. L. 574, the right of amendment is limited so that a new cause of action shall not be introduced, nor new parties brought in, after the statute of limitations has become a bar: Coyne *v.* Railway Co., 227 Pa. 496; but it is equally well settled that if a party be brought into court under a wrong name, an amendment will be permitted: Wright *v.* Eureka Tempered Copper Co., 206 Pa. 274; McGinnis *v.* The Valvoline Oil Works, Ltd., 251 Pa. 407.

It is conceded in the present case that there was no such corporation as Dowling & Company, but that there was a partnership composed of John Dowling and John Uraschik, trading under the firm name of Dowling & Company, and that the law firm of Shettig & Nelson represented this partnership; it will also be kept in mind that there was no service by the sheriff in the present case, but that Messrs. Shettig & Nelson accepted service of the writ and the plaintiffs' statement and entered their general appearance in the case.

Before discussing the present case, we think it pertinent to quote from the case of Anglo-American Packing and Provision Co. *v.* Turner Casing Co., 8 Pac. Repr. 403. In this case the defendant was sued as a corporation; the only service was by publication, and a general appearance was entered for the defendant company and an answer filed to the merits of the action. Later or subsequently, an answer was filed setting up that the Turner Casing Company was not a corporation, but was a copartnership composed of certain persons. Justice Valentine, of the Kansas Supreme Court, among other things, said:

"The defendants, however, Sigismund Oppenheimer, Julius Oppenheimer, Oscar Aberle and Patrick A. Turner, claim that the service of the summons by publication or otherwise is void; and we suppose also claim that the service of the order of attachment is void, though they do not expressly say so. And they also claim that they made no appearance in the case until the time when they made their special appearance—which we have numbered '5'—to dismiss the plaintiff's action. And they support these claims by reasoning which is very ingenious and plausible, but which we, nevertheless, regard as extremely technical and unsatisfactory. They claim that the plaintiff sued the Turner Casing Co., a corporation, and that all the appearances that were made, or that could be made, were made only in that capacity, and that, as no such corporation existed, there were really no valid appearances. For the purposes of this case, we shall discuss principally the appearance made

Markel *v.* Dowling & Company, Inc.

when the answer was filed. This answer included a general denial, which was an answer to the merits of the case; and if it was the defendants who made this appearance, then they surrendered jurisdiction of their persons to the court, and are bound by such answer. . . .

"And we think it was the defendants who made this appearance, and who filed the answer; and this, notwithstanding the technical objections that may have been urged against it. Courts, under the reformed system of procedure, look to the substance of things rather than the form, and to persons and things rather than to mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure. Did the defendants in fact make the foregoing appearance? The action was commenced against 'The Turner Casing Co.' A certain organization of persons were at that time, and had been for a long time previously, doing business under that name. It was this organization that was intended to be sued. It is true, the petition alleged that the organization was a corporation, while in fact it was a copartnership; but no other organization existed of that name, and that organization was composed of these defendants. The publication notice, however, was not to the Turner Casing Co. as a corporation, but it was simply to 'The Turner Casing Co.;' and it is the notice which brings parties within the jurisdiction of the court, and this notice applied to The Turner Casing Co., whatever its organization might be. Property was attached in the case, and this property belonged to the defendants as 'The Turner Casing Co.' Now, somebody or something appeared in the action and made motions, took exceptions and filed an answer. This somebody or something appeared in the case as 'The Turner Casing Co.' and was represented by able counsel. Now, who or what was this somebody or something? Evidently, the only answer that can be given to this question is that it was The Turner Casing Co., the copartnership composed of the aforesaid members, Sigismund Oppenheimer, Julius Oppenheimer, Oscar Aberle and Patrick A. Turner; for no other organization or persons existed or did business under that name. And if such copartnership made such appearance, then the appearance was, in fact, by all the members of such copartnership, and binds all; for all partnership transactions bind all the members. It is idle to talk about all these appearances having been made by nobody or nothing, for appearances cannot be made in that way, and courts cannot allow themselves to be trifled with by permitting parties to make appearances which do not have the effect or the consequences of appearances."

What is said above has very apt application to the present case. We have here, not a service by the sheriff, which might amount to nothing, but an acceptance of service and a general appearance by Dowling & Company, which, as the Kansas court well says, must be *somebody or something;* otherwise, the court is being trifled with. It appears that there is no such corporation as Dowling & Company, but that there is a partnership of that name, composed of Dowling and Uraschik.

Wright *v.* Eureka Tempered Copper Co., 206 Pa. 274, was a case in which suit was brought against a defendant named as Eureka Tempered Copper Company, which, at the time of the bringing of suit, was still an existing corporation, but not doing any business. There was, however, a new corporation known as Eureka Tempered Copper Works, which had succeeded to the principal business of the copper company. The service was made upon the manager of the Eureka Tempered Copper Works, but in its return it stated that it was served on the manager of the "Copper Company." The error was not discovered until a few days afterwards, when the statute of limitations

Markel *v.* Dowling & Company, Inc.

had run so as to bar a new action. The Supreme Court in this case held that the "service was upon the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned and not in suing the wrong party, and the amendment should have been allowed."

In the present case, service is accepted and an appearance entered by counsel, who concede that they represent Dowling & Company, a partnership composed of Dowling and Uraschik, and that there is no corporation of the name of Dowling & Company. Therefore, the only person who could be in court is the partnership of Dowling & Company, and they are here by virtue of an acceptance of the writ and their appearance generally in the suit.

The case of McGinnis *v.* The Valvoline Oil Works, Ltd., 251 Pa. 407, was one where the defendant was named as Valvoline Oil Works, Ltd., a corporation, and the plaintiff, later learning that the party it desired to bring into court was a partnership association and not a corporation, asked leave to amend by striking out the words "a corporation" and inserting the words "a partnership association." This was refused in the lower court, but the case was reversed by the Supreme Court. In this case it appears that service of the writ of summons was accepted by the attorneys who represented the Valvoline Oil Company and also were attorneys for The Valvoline Oil Works, Ltd., a partnership association. The present Chief Justice of the Supreme Court, in discussing the case, said: "The plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer, and this he had the right to correct." It is true that the Supreme Court does not lay stress upon the fact that there was an appearance and acceptance of service by the defendant in the case just cited, but it is equally true that in the case of White *v.* Fayette Auto Co., 43 Pa. Superior Ct. 532, and the case of Markowitz *v.* Ararat Dye Works, 73 Pa. Superior Ct. 129, relied upon and urged strongly by the defendants as controlling this case, discloses that in each of these cases the sheriff had served the writ as if upon a corporation, so that if there was no corporation, then there was no service. But in the present case, *somebody or something* did accept service through their counsel and did appear generally through their counsel. If the acceptance was for a corporation which had no existence, then a fraud was perpetrated upon the court. The fact is, however, that counsel did represent Dowling & Company, a partnership.

In the case of Girardi *v.* Laquin, 232 Pa. 1, suit was brought against Laquin Lumber Company, a corporation, and, after the statute had run, leave was asked to amend by changing the designation of the defendant to Laquin Lumber Company, a partnership, composed of certain persons. There was nothing in the case to show that the partnership was in court or had been served. We assume, therefore, that the record in this case showed a service upon a corporation which did exist and which was in court, and, therefore, the attempt to amend after the statute had run was an attempt to bring in a new party on the record who was not in court.

In our view, the distinguishing features between the cases cited by the defendant and the present case is that in the present case Dowling & Company, a partnership association, accepted service and entered their general appearance, and, being in court, the record may be amended so as to correctly state the parties. We are, therefore, of the opinion that the motion to amend by changing the name of the defendant to John Dowling and John Uraschik, a copartnership, trading and doing business as Dowling & Company, should be allowed.                    From H. W. Storey, Jr., Johnstown, Pa.