## Pennsylvania Railroad Company v. Smith Coal Company.

*Practice, C. P.—Parties—Corporation—Partnership—Amendment.*

1. Where a suit is brought against a corporation and it appears that the suit should have been brought against a partnership trading under a similar name, the remedy of the plaintiff is to discontinue the action and bring a new action against the partnership.

2. In such case, an amendment to the original action introducing new parties to the record cannot be allowed.

*Assumpsit.* Rule to amend record. C. P. Indiana Co., Dec. T., 1923, No. 388.

*Peelor & Feit,* for plaintiff.

*E. Walker Smith* and *Pierce & Pierce,* for defendant.

LANGHAM, P. J., April 4, 1925.—In this case the defendant company was sued and summons served upon one of the members thereof as a corporation; whereas, as a matter of fact, it is now admitted that no such corporation ever existed, but that the Smith Coal Company, consisting of Isaac R. Smith, Richard C. Smith and William B. Smith, was doing business as a partnership. When that fact was ascertained, counsel for plaintiff made a motion to amend, designating the defendants as a partnership; at the same time a rule was issued to show cause why the amendment should not be allowed, and at the same date præcipe for *alias* summons was filed and *alias* summons issued and served upon the Smith Coal Company, a partnership. Later a rule was granted against plaintiff to show cause why the *alias* summons should not be stricken off.

Our duty to this case at this time is to determine whether the rules hereinbefore referred to were improvidently granted and issued.

It is admitted by the plaintiff that the action in *assumpsit* was originally brought against and summons served on a non-existent corporation. That being the case, an amendment substituting an individual name or names as partners, trading under a trade name similar to the corporation, as parties defendant, would be an amendment introducing new parties to the record, which proceeding cannot be allowed: Markowitz *v.* Ararat Dye Works, 73 Pa. Superior Ct. 129.

The effect of such an amendment as asked for by plaintiff is not to correct the name or names under which the right party is sued; its effect, if allowed, would be to bring a new party defendant on the record, to wit, a partnership instead of a corporation: White Co. *v.* Fayette Automobile Co., 43 Pa. Superior Ct. 532.

Under the authorities as we have found touching this question, the rule to amend will be discharged.

That brings us to a consideration of the rule to show cause why the *alias* summons should not be stricken off. In view of what we have indicated as to discharging the rule to amend, we conclude that the defendants are not in court and cannot be brought into court by discharging the rule and directing or allowing service of an *alias* summons. An *alias* writ of summons is simply a second writ issued in the same cause and against the same parties. How can it be said that an *alias* summons would be good against defendants in a suit where no original summons had ever been issued? Actions at law must be started by original processes and not by *alias* writs. In the case at bar, if the amendment falls, the *alias* summons can stand upon no higher ground and must also fall.

We are of the opinion that the proper remedy for the plaintiff in this case is to discontinue its action and bring a new action against the partnership.

Pennsylvania Railroad Company v. Smith Coal Company.

### Order of court.

And now, March 27, 1925, this case came on to be heard by argument of counsel, and upon due consideration thereof, the rule to show cause why the præcipe, record and statement of claim should not be amended as set forth in plaintiff's motion filed Jan. 7, 1924, is hereby discharged. It is further ordered and directed that the rule on the plaintiff to show cause why the alias summons should not be stricken off is hereby made absolute.

An exception to this order and decree is allowed plaintiff.

From James L. Jack, Indiana, Pa.