## H. A. Caesar & Co. v. Banks Brothers.

*Practice, C. P.—Amendment of names of parties to attachment proceedings under the Acts of March 17, 1869, and May 24, 1887.*

An attachment under the Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, issued under the caption "H. A. Caesar & Co. v. Banks Brothers, also trading as the Quaker City Shade Co.," may be amended so as to read "C. G. Aschmann & Company, to the use of H. A. Caesar, Harry I. Caesar, Chas. U. Caesar, J. A. Larkin, trading as H. A. Caesar & Company, v. Albert Banks and Israel Banks, copartners, trading as Banks Brothers;" such an amendment does not substitute entirely new parties and is within the amendment Acts of April 16, 1846, § 2, P. L. 353, and May 4, 1852, § 2, P. L. 574.

Rule for leave to amend names of parties, and rules to dissolve or to quash attachment under Act of 1869. C. P. No. 2, Phila. Co., Dec. T., 1925, No. 345.

*David S. Malis,* for plaintiff; *Furth, Singer & Bortin,* for defendants.

LEWIS, J., Feb. 12, 1926.—This attachment under the Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, was issued under the caption "H. A. Caesar & Co. v. Banks Brothers, also trading as Quaker City Shade Co." Rules were granted on plaintiff to show cause why the writ should not be quashed or the attachment dissolved. In the petition for the rules, Albert Banks and Israel Banks set forth as the reasons for quashing or dissolving the attachment, first, "the designation of both parties, plaintiff and defendant, is improper and insufficient to support the action, since neither is a corporation;" second, the debt was not due at the time of the attachment; third, that Albert Banks, one of the Banks Brothers, had no interest of any kind in the business conducted by his brother, Israel Banks, under the name of Quaker City Shade Company, and that the said Quaker City Shade Company never had any transactions with the plaintiff; and fourth, that there was no fraud in the transaction, as had been averred in the affidavit upon which the attachment issued.

Before any action was taken on these rules, plaintiff filed a petition, upon which a rule to show cause was granted, for leave to amend the names of the

parties to the action so as to read: "C. G. Aschmann & Company, to the use of H. A. Caesar, Harry I. Caesar, Chas. U. Caesar, J. A. Larkin, trading as H. A. Caesar & Company, v. Albert Banks and Israel Banks, copartners, trading as Banks Brothers." C. G. Aschmann & Company had actually sold to defendants the goods, for payment of which this action was brought, but assigned the account to their factors, H. A. Caesar & Co.

If plaintiff is entitled to have its rule made absolute, most of the objections of defendants to the state of the record as not sustaining the attachment will be disposed of thereby. It is vigorously contended on behalf of defendants that the amendment should not be allowed, for the reason, as defendants contend, that its effect would be to substitute entirely new parties not theretofore appearing on the record. If this is so, it is clear, under the cases, that we must not allow the amendment; the broad powers of amending records by adding or changing the names of parties as granted to the courts by the legislature in the Acts of April 16, 1846, § 2, P. L. 353, and May 4, 1852, § 2, P. L. 574, have been judicially limited in this respect. The oft-quoted rule concerning amendments is to be found in White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, in which the language of the Supreme Court is used: "Statutes of amendment are liberally construed to give effect to their clearly-defined intent so as to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments, however, will not be allowed to the prejudice of the other party by introducing a new cause of action or bringing in a new party or changing the capacity in which he is sued. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused: Wright v. Eureka Tempered Copper Co., 206 Pa. 274."

The test, then, is that the party whose name it is asked to amend must be in court. Although not generally limited in the language employed by the courts, it would appear from a study of the cases that this test or rule is properly applied only when it is sought to amend the name of the defendant. The last sentence of the quotation from White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, adds strength to the supposition that the general rule is so limited. Applying the test to the facts of this case, we entertain no doubt but that plaintiff is entitled to the amendment, so far as the names of the defendants are concerned. "Banks Brothers" were named in the original writ; the proposed amendment is to designate the defendants as "Albert Banks and Israel Banks, copartners, trading as Banks Brothers." Are Albert Banks and Israel Banks in court? They are, for it was they who filed the petition to have the writ and attachment quashed or dissolved. In that petition they set forth that they are copartners carrying on business as Banks Brothers; that their business has been attached in this action, and that they are indebted to the plaintiffs in the amount for which the attachment issued. There can be no question, under these facts, that the effect of this amendment "will be to correct the name under which the right party was sued," and that its effect will not be "to bring a new party on the record."

In coming to this conclusion, we are not unmindful of the cases such as Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129; Girardi v. Laquin Lumber Co., 232 Pa. 1; White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, and Tonge v. Item Publishing Co., 244 Pa. 417, and were it not for the fact that Albert Banks and Israel Banks are already so clearly in court, we would be more concerned with these decisions, although they are, we think,

distinguishable. In White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, after an action was begun against "Fayette Automobile Company," an amendment was refused, the purpose of which was to designate as defendants A, B, C, D and E, "partners, doing business as the Fayette Automobile Company, Incorporated." In the course of the opinion, then Judge Orlady said: "The exact character of the first named defendant is not shown, but whether existent or non-existent, is a person and not a corporation. The five named defendants to be substituted are designated as partners, doing business as the 'Fayette Automobile Company, Incorporated,' certainly different and independent defendants, who were not in court at the time the amendment was requested."

In Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129, the defendant was first designated as "Ararat Dye Works, a corporation." This was a nonexistent corporation, so that the court said the writ as served brought no person within the jurisdiction of the court. The proposed amendment was to name as defendants A and B, trading as Ararat Dye Works, and to strike out the words "a corporation." It was held that such an amendment should not be allowed, since there was nothing on the record to show what persons the court had acquired jurisdiction of up to that point in the proceedings. In Girardi v. Laquin Lumber Co., 232 Pa. 1, suit was brought against "Laquin Lumber Co., a corporation." After the statute of limitations had run, it was moved to amend by designating defendants as Laquin Lumber Co., a partnership composed of A, B, C, D, E and F, trading as copartners. The Superior Court held that the amendment was rightfully refused. A later decision to the same effect is found in the case of Tonge v. Item Publishing Co., 244 Pa. 417. The fact that in each of these cases the name of a corporation was present probably had much to do with the decision.

Other cases might be cited in which the courts have held amendments not allowable. In Coyne v. Lakeside Electric Ry. Co., 227 Pa. 496, an amendment was refused, after the running of the statute of limitations, proposing to change the name of the defendant to another corporation, the lessees of the original defendant corporation. In Stine v. Herr, Admin'x, 78 Pa. Superior Ct. 226, the court rejected an amendment proposing to name defendant in her individual capacity after the running of the statute of limitations.

On the other hand, there are numerous cases in which amendments have been allowed, the effect of which was merely to change the name of the rightly-sued defendant, where it appeared that a mistake had been made, although it was understood by every one which defendant was intended. Cases typical of this group are McGinnis v. The Valvoline Oil Works, Limited, 251 Pa. 407; Meitzner v. B. & O. R. R. Co., 224 Pa. 352; Wright v. Eureka Tempered Copper Co., 206 Pa. 274. In the recent case of Dress v. Schuylkill Ry. Co., 83 Pa. Superior Ct. 149, the court said: "An amendment correcting the name of the right party sued may be made after the period of limitation has run, although a new party cannot thereafter be brought in. The real question, therefore, is whether the evidence shows that the parties understood from the beginning that the Schuylkill Railway Company, the party intended, was brought in by the writ served by the sheriff." There is no doubt but that this case meets the test there laid down.

The case, however, which most closely approximates the one in hand is Porter v. Hildebrand, 14 Pa. 129, a proceeding in foreign attachment, which fact makes it a safer authority to follow than the other cited cases that had to do entirely with situations not involving attachments. The action was begun by giving only the surnames of the defendants, and the court allowed

an amendment adding the Christian name of one of the defendants. We think the effect of the amendment in this case is no greater than adding the Christian names of the two Banks brothers.

The cases afford even clearer authority for allowing the amendment, so far as the names of the plaintiffs are concerned. Chief Justice Thompson said in the case of Pennsylvania R. R. Co. v. Keller, 67 Pa. 300: "The first thing we shall notice is the complaint of error in allowing the record to be amended at a term antecedent to the trial below, by changing the names of the plaintiffs. This the Act of May 4, 1852, P. L. 574, fully authorized, if made apparent to the court that there was an error in the original institution of the suit. But we will not dwell on a matter so well settled, as the right of the court to allow such an amendment as was permitted in this case on considerations which showed that in justice it ought to be made."

The courts on different occasions have allowed the addition of new plaintiffs, necessary parties to the action, and have allowed the name of the plaintiff to be changed so as to include the legal or use-plaintiff, as the facts of the case might require. In Csizik v. Verhovay Sick Benefit Ass'n, 60 Pa. Superior Ct. 466, a husband brought an action to recover death benefits. It was contended that the heirs-at-law were the beneficiaries and that the action should be brought by them, whereupon plaintiff moved to amend by adding as party plaintiff the guardian of a minor child, who, with the husband, was the only heir-at-law. The amendment was allowed, Judge Kephart, at that time a member of the Superior Court, saying: "Amendments in the names of the parties which do not change the cause of action (Wildermuth v. Long, 196 Pa. 541; Garman v. Glass, 197 Pa. 101), and are made before the statute of limitations has run, are permitted under the Act of May 4, 1852, P. L. 574: Kaylor v. Shaffner, 24 Pa. 489; Fritz v. Heyl, 93 Pa. 77. This amendment did not violate either of these rules and was properly allowed."

In Walthour v. Spangler, 31 Pa. 523, suit was brought by Joseph Spangler, who later moved to amend by naming as plaintiff "Samuel Spangler, for the use of Joseph Spangler." The amendment was allowed. Likewise, in the case of Downey v. Garard, 24 Pa. 52, the action was brought by Jonathan Garard, assignee of John Clymer. An amendment was allowed changing the caption, so far as concerned the plaintiff, to "John Clymer, for the use of Jonathan Garard," the court saying: "We regard the amendment as having been properly allowed. The Statutes of 1846 and 1852 are certainly broad enough, especially under the liberal construction to which, as remedial statutes, they are entitled, to cover such professional blunders, and there are many decisions and other statutes speaking the same language."

In Druckenmiller v. Young, 27 Pa. 97, the action was brought by A, but an amendment was allowed which made the action by B, agent of A.

As to defendants' rules, no reason for quashing the writ has been given except that concerning the names of the parties, which have now been altered by the amendment. The bond and affidavit are in accordance with the requirements of the act; the proceedings appear to be regular, and defendants have waived any defect by appearing in person to move to dissolve the attachment. See Franklin Trust Co. v. Hegh, 6 D. & C. 231. There is likewise no merit in any of the reasons assigned why the attachment should be dissolved. The affidavit on which the attachment issued was based on each of the four different and independent grounds set forth in the statute. In the depositions taken on behalf of the defendants, no testimony is to be found contravening the first three grounds upon which the attachment issued. The only testimony before us goes to the question as to whether the debt was fraudulently contracted;

nothing is said as to whether the defendants are about to remove, conceal or dispose of their property with intent to defraud their creditors.

At all events, we are not satisfied that in the present condition of the record the defendants are entitled to have the attachment dissolved by rule. Plaintiffs aver the debt was fraudulently contracted, defendants making use of the fact that they were doing business under the same name as another concern in the City of Philadelphia with which plaintiffs had previously done business. When the mistake was discovered, plaintiffs attempted to rescind the contract, but were prevented from so doing, they aver, by the wrongful acts of defendants.

For the reasons outlined, plaintiffs' rule to amend the record is made absolute; the rules taken by defendant to quash and dissolve the attachment are discharged.