## Cairns et al. v. E. P. Wilbur Trust Company

*Fred B. Gernerd* and *Dallas Dillinger, Jr.*, for plaintiffs.
*Herbert J. Hartzog* and *Harvey H. Steckel*, for defendant.

RENO, P. J., May 22, 1933.—In this action of replevin plaintiffs were legatees of Kate B. Wilbur and sought to recover a necklace bequeathed to them by the residuary clause of her will. Their evidence showed that testatrix had title to the necklace and that her will, after creating an annuity, gave her residuary estate to her husband, since deceased, for life, with remainder to the children of Robert E. Wilbur, the plaintiffs. Plaintiffs showed that a first and partial account was filed but failed to show that the annuity had been created, that the debts had been paid, or that a decree of distribution had been entered.

After plaintiffs rested, defendant moved for a compulsory nonsuit because plaintiffs failed to show title in themselves; contending that, until the debts of decedent were paid and the annuity created, the executors only had the right to possession. Before the trial judge ruled upon the motion, plaintiffs moved to amend. This motion was stated in several ways, but the motion as allowed by the trial judge was "for leave to amend by striking out the names of the plaintiffs appearing in the caption and substituting therefor Robert E. Wilbur, sur-

viving executor of the estate of Kate B. Wilbur, deceased, as plaintiff." If the trial judge did not accurately state the proposed amendment, he should have been corrected. As it is, the motion as stated by the trial judge is the only motion before us.

This motion contemplated a change of the parties plaintiff by striking out their names and substituting a party not already upon the record. It is not a case of adding a party to others upon the record or omitting a party already upon the record. Since the amendment seeks to substitute one party for another, it is not authorized by the statutes regulating amendments. Amendments are allowed when the effect is to correct the name under which the right party sued and not when its effect is to bring a new party upon the record. "A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect will be to bring a new party on the record, it should be refused": White Company v. Fayette Automobile Company, 43 Pa. Superior Ct. 532, 533. The test to be applied to a proposed amendment is whether it seeks to correct an error where the right party is actually suing under a wrong designation or seeks to substitute entirely new parties not theretofore appearing upon the record: Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129, 132. If the former, it is allowable, as in Jamieson v. Capron, to use, &c., 95 Pa. 15; if the latter, it is not allowable, as in the cases supra.

Now, May 22, 1933, the rule to show cause why the amendment as stated should not be allowed is discharged.

From Edwin L. Kohler, Allentown, Pa.