# Wilt v. Fry et al.

R. A. Henderson, for plaintiff; J. J. Haberstroh, for defendants.

PATTERSON, P. J., December 28, 1934.—On December 1, 1932, John G. Wilt filed an action in trespass against Francis F. Fry et al., trading and doing business as Juniata Ice and Coal Company, to recover damages for alleged destruction of certain vegetables, lawn, and shrubbery, as a result of defendants turning certain fumes, gases, and ammonia upon the land of the plaintiff.

At the trial, the evidence developed that the title to the land in question was not in John G. Wilt but in his wife, Bertha May Wilt. Counsel for the plaintiff then orally moved the court to amend the party plaintiff by substituting the name of Bertha May Wilt in the place and stead of John G. Wilt, her husband, as the party plaintiff. The amendment was allowed by the court, and counsel for

defendants moved for a continuance, which was granted. On the same day, the following written order of the court was filed:

"Now, January 25, 1934, upon motion of attorney for plaintiff, the party plaintiff is amended by the substitution of the name of Bertha May Wilt, the wife of John G. Wilt, in the place and stead of said John G. Wilt as the party plaintiff in said action."

When the case was again called to trial at the May term 1934, counsel for defendants objected for the reason that the amendment of the party plaintiff had been improperly allowed and for the further reason that there was no plaintiff's statement on the part of the new plaintiff. Counsel for the plaintiff thereupon moved the court to allow Bertha May Wilt, the substituted plaintiff, to make affidavit to the statement filed by John G. Wilt. Counsel for the defendants objected, and the court made the following order:

"Unless you have a case holding that a new party may be substituted and the pleadings already filed by a stranger to the cause may be taken over by the new party without this new party making an affidavit to the old pleadings, there is no use in going ahead. The motion of counsel for the plaintiff is refused, but since there is no formal pleading on the part of the substituted plaintiff the case is continued and the plaintiff given an opportunity to have the record in proper shape for trial at a later term of court. Exception is noted for the plaintiff to the ruling of the court."

On June 11, 1934, counsel for Bertha May Wilt presented a petition setting forth that it was through mistake that the action was brought in the name of John G. Wilt instead of Bertha May Wilt, real owner, and praying for a rule to show cause why the amendment substituting the name of Bertha May Wilt as the plaintiff instead of John G. Wilt should not stand as already allowed, and further that Bertha May Wilt be given an opportunity to file her statement sworn to and executed by her. A rule was granted as prayed for, returnable the first Monday of July 1934. This rule is now before the court.

Defendants filed an answer wherein it is averred, in paragraph 7, as follows:

"The defendants allege as a matter of law that the court is without jurisdiction and without legal right to permit Bertha May Wilt to be substituted as a party plaintiff. . . . The defendants allege as a matter of law that the court is without legal authority to permit an amendment of the names of the parties to this action, for the reason that Bertha May Wilt is a new party plaintiff, with a new cause of action, and therefore, if she has a right of action against the defendants, she must institute a distinct, new, and separate action, and is not legally entitled to have the present proceedings amended to permit the substitution of Bertha May Wilt, instead of John G. Wilt, or to file a plaintiff's statement in the name of Bertha May Wilt instead of John G. Wilt."

We agree that this position contended for on the part of the defendants is substantially correct. The original plaintiff in an action cannot be summarily eliminated from the suit and in his stead a stranger substituted as party plaintiff.

The Act of May 4, 1852, P. L. 574, sec. 2, provides:

"That all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

This section, upon which the plaintiff relies, has no application to the present case, for the reason that plaintiff does not offer to change the name of a party plaintiff or add a name to the plaintiff already in court as a result of a mistake or omission, but proposes to eliminate the original party plaintiff and to substitute a new party, a stranger to the proceeding. John G. Wilt never had a right of action. There was no mistake in his name. It was correctly given. When it developed at the trial that the wrong party had sued, it was incumbent upon the plaintiff to suffer a nonsuit, which under no circumstances could have prejudiced the right of Bertha May Wilt to institute her cause of action. No Pennsylvania case has been cited which allows an amendent such as is offered in the present case.

In the recent case of Cairns et al. v. E. P. Wilbur Trust Co., 19 D. & C. 511, 512, it was held:

"This motion contemplated a change of the parties plaintiff by striking out their names and substituting a party not already upon the record. It is not a case of adding a party to others upon the record or omitting a party already upon the record. Since the amendment seeks to substitute one party for another, it is not authorized by the statutes regulating amendments. Amendments are allowed when the effect is to correct the name under which the right party sued and not when its effect is to bring a new party upon the record. 'A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect will be to bring a new party on the record, it should be refused': White Company v. Fayette Automobile Company, 43 Pa. Superior Ct. 532, 533. The test to be applied to a proposed amendment is whether it seeks to correct an error where the right party is actually suing under a wrong designation or seeks to substitute entirely new parties not theretofore appearing upon the record: Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129, 132."

Other cases to the same effect are: Peach v. Peach, 10 D. & C. 124, 125, Wright v. Eureka Tempered Copper Co., 206 Pa. 274, and Fitzgerald's Estate (No. 1), 252 Pa. 568.

The case of Garman v. Glass, 197 Pa. 101, is applicable to the present case. The Supreme Court there held, quoting from the syllabus:

"Where an administrator . . . brings suit as administrator, . . . and it appears that . . . the money due by the defendants is due to the administrator personally as a legatee, the suit cannot be maintained, nor can the plaintiff be permitted to amend the record so as to substitute himself personally as plaintiff."

And at page 106 the court said:

"Nor can the action be changed to one by plaintiff as legatee, for his half of the charge. A change of parties which involves a change of the cause of action is not within the ordinary province of amendments. And if a claim is made upon them in that form, defendants are entitled to regular summons and opportunity to be heard in a separate suit upon it."

Changing the parties plaintiff in this action involves a change in the cause of action. Bertha May Wilt may claim damages which John G. Wilt did not contemplate when he filed his statement. His cause is not necessarily hers, although the same parcel of land is involved.

In the case of White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, already cited, the court held (p. 533):

"A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued

it should be allowed; if its effect will be to bring a new party on the record, it should be refused".

And again, at page 534:

"It is not always wise to generalize upon such a subject, but it must be an extraordinary case which would justify a court under our statute of amendment, in introducing a new party not claiming under, nor in privy with the original defendant: Commonwealth ex rel. v. Dillon, 81* Pa. 41; Coyne v. Ry. Co., 227 Pa. 496."

### Decree

Now, December 28, 1934, the order of this court allowing an amendment in which Bertha May Wilt was substituted as party plaintiff instead of John G. Wilt is hereby rescinded and set aside, and the rule to show cause why the said amendment as stated should not be allowed is discharged.

From Robert W. Smith, Hollidaysburg, Pa.