## Clifton & Hamilton, Inc., v. Stramara, etc.

*R. M. Bashore,* for plaintiff.
*V. J. Dalton,* for defendant.

HICKS, P. J., June 17, 1935.—On September 6, 1934, a præcipe was filed in this court for the issuance of an attachment under the Act of March 17, 1869, P. L. 8, sec. 1, as amended by the Act of May 24, 1887, P. L. 197, 12 PS §2711, in the name of Clifton & Hamilton, Inc., as plaintiff. In the statutorily required affidavit which was filed, we find that it was made by Irvin Sachs, one of its duly constituted officers, who declared that Clifton & Hamilton, Inc., is a Pennsylvania corporation with its principal office in Philadelphia. The bond, too, is in the name of "Cliffton & Hamilton, Inc., a Pennsylvania Corporation" but is not executed by it but by *"Cllfton & Webb, Inc.* By Irvin Sachs." This bond having not been approved by the court, a petition for approval nunc pro tunc was presented in which the plaintiff is again named as Clifton & Hamilton, Inc.

To prevent the officer serving the attachment from taking possession of the attached property, the defendant under section 3 of the said Act of 1869, supra, 12 PS §2713, filed his bond entitled in the name of "Clifton & Hamilton, Inc.", the party who sued him, and therein obligated himself to the named plaintiff.

On March 4, 1935, a rule was granted upon application of William W. Clifton to show cause why the name of the plaintiff should not be amended "in the above entitled matter" to "William W. Clifton and Bernard Wilensky, individually and trading as Clifton & Hamilton."

Under section 2 of the Act of May 4, 1852, P. L. 574, 12 PS §533, the courts have the power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party. It has been repeatedly held that this act does not allow amendments to be made when such amendment will introduce a new cause of action or bring in a new party. If the effect of the amendment be to correct the

name under which the right party instituted suit, it should be allowed.

The requested amendment would introduce an entirely new party. Suit was instituted by a nonexistent corporation and we are asked to substitute therefor individuals trading as partners. It is not the case of a right party suing under a wrong name and the amendment correcting this mistake. We cannot allow an amendment which would bring a new party on the record: Brightman Manufacturing Co. v. Taylor & Co., 3 D. & C. 292; H. A. Caesar & Co. v. Banks Bros., 7 D. & C. 212; P. R. R. Co. v. Smith Coal Co., 7 D. & C. 365; Cairns et al. v. E. P. Wilbur Trust Co., 19 D. & C. 511; Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129; White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532; Wernick v. Pittsburgh Underwriters Agency, 90 Pa. Superior Ct. 186; Girardi v. Laquin Lumber Co., 232 Pa. 1.

It might be noted that the substitution asked is of an existent for a nonexistent plaintiff "in the above entitled matter." Under the Act of 1869, supra, the filing of an affidavit by the plaintiff and a bond are jurisdictional factors upon which, only, an attachment may issue. The affidavit avers that the plaintiff is a corporation with its principal office in Philadelphia, which it is now admitted is not true, and it is executed by one who pretends to be an officer of said corporation. We cannot see how we can amend this affidavit by substituting the names of partners. Again, the bond is entitled in the name of the corporate plaintiff, which is recited in the body of the bond as the principal obligor bound for the use of the defendant, and what is wholly fatal to the bond, it is executed by "Cllfton & Webb Inc." Who this party is does not appear. The substitution in the bond could not be made in any case. It cannot be amended and certainly not without the consent of the surety, if at all. Further, to retain the possession of the property attached, the defendant, relying upon the fact that the party suing is a corporation, executed a bond for its use. To amend the proceed-

ings throughout, "in the above entitled matter" as the plaintiff puts it, would be, therefore, highly prejudicial to the defendant.

The proceeding should be discontinued and suit instituted, if desired, by an existent and rightful party.

And now, June 17, 1935, the rule to show cause why the amendment shall not be allowed is discharged at the cost of the petitioner.      From M. M. Burke, Shenandoah.