## Johnson v. Madrid Motor Corporation

*I. Irving Tubis*, for plaintiff.
*Raymond A. White, Jr.*, for defendant.

WINNET, October 6, 1943.—These proceedings are irregular. On August 11, 1943, this court made absolute plaintiff's rule to amend the record by adding an additional defendant. An exception was requested and allowed. The cause was then set down for argument on the exception. This argument was but a repetition of the former one. Such a practice must be discouraged. The rules of court do not provide for argument on exceptions to an interlocutory order of the court.

We will, however, consider the second argument in the nature of a reargument on the prior order of this court.

Plaintiff has brought action in trespass against defendant. The cause of action arose in August 1942, so that the statute of limitations is not involved. In the affidavit of defense defendant stated that the motor truck involved in the collision was at the time of its operation leased to Liebert & Obert, Inc., and contended by reason of the exclusive control and management of that truck by the said Liebert & Obert, Inc., defendant, the Madrid Motor Corporation, in which name the truck was registered, was not in any way liable. Upon the filing of the affidavit plaintiff immediately asked that the record be amended to include the name of Liebert & Obert, Inc., and for leave to proceed against this additional defendant as if it had been named in the action originally. The court made this rule absolute.

There has been some confusion in the authorities on the interpretation of the Act of May 4, 1852, P. L. 574, sec. 2, which provided for amendments adding additional parties. The act reads:

". . . all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

One line of authorities, of which White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532, is perhaps the leading one, holds (p. 533):

"If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect will be to bring a new party on the record, it should be refused. . . ."

This language has been followed in Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129, McGinnis v. The Valvoline Oil Works, Ltd., 251 Pa. 407, and First National Bank of Ashley v. Tomichek et al., 140 Pa. Superior Ct. 101, 105.

On the other hand, there is a line of authorities, of which Rangler v. Hummel, 37 Pa. 130, is perhaps the leading, where it was held (p. 132) :

"We have so often decided, under our several statutes of amendments, that parties might be . . . added, whenever this was necessary to a trial on the merits of the case, that we do not deem it necessary to cite authorities on the subject."

Authorities following this principle are: Csizik v. Verhovay Sick Benefit Assn., 60 Pa. Superior Ct. 466; Aiken, to use, v. Mayberry et al., 128 Pa. Superior Ct. 15; Mangan et al. v. Schuylkill County, 273 Pa. 310; United Societies of Greek Catholic Religion of U. S. of America v. Klochak et al., 340 Pa. 159.

A distinction at times perhaps not clear runs through these authorities. An additional party should not be allowed to be brought onto the record if he is an entire stranger to the proceedings. If A brings suit against B and then through an investigation determines that the suit should really have been against C, he should not be allowed to add C as a party defendant. It is a separate and distinct cause of action. Where, however, A brings suit against B and B himself says that it is C who is really responsible, then A should by all means be allowed to add C so that the entire merits of the case may be tried. That is perhaps the meaning of the language in the case of McGinnis v. The Valvoline Oil Works, Ltd., supra, which follows the authority of White Co. v. Fayette Automobile Co., where it is said that the amendment will not be allowed if the effect of it is to add new parties not theretofore appearing in the record. The name of Liebert & Obert, Inc., definitely appears in the record through defendant's affidavit of defense.

There are many reasons why amendments such as this should be allowed. There is first of all the principle that statutes of amendment are to be liberally construed, especially to prevent a defeat of justice through a mere mistake in the names of the parties. This was so held in Barrilo et al. v. Frank et al., 116 Pa. Superior Ct. 461, where in a suit originally started against a partnership plaintiff was allowed to amend the record by naming the corporation which had substantially the same name as the partnership. To the same effect is Leland et al. v. Firemen's Insurance Co. of Newark, 127 Pa. Superior Ct. 533. The Act of 1852 allows amendment to add the name of a defendant when a mistake has been made. Certainly, here defendant itself has called to the attention of plaintiff that he has made a mistake in the naming of it as a defendant and indicates that it should be Liebert & Obert, Inc.

Again, defendant, Madrid Motor Corporation, itself could readily have brought Liebert & Obert, Inc., as a party on the record. The Rules of Civil Procedure clearly provide for the situation. For some reason defendant has not chosen to do so. Certainly plaintiff should be allowed to do the very thing which defendant could do—bring the additional party in and have a full hearing on the merits of the case and fix liability. No valid reason exists for so construing the Act of 1852 as not to permit the accomplishment of this purpose. It is not a just rule that will not work on both sides.

Although Pa. R. C. P. 126 is not involved, since there is not involved here an interpretation of a procedural rule, nevertheless, it is well to have it in mind. The law involving procedure should be liberally construed "to secure the just, speedy and inexpensive determination of every action or proceeding. . . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." No substantial right of defendant, Madrid Motor Corporation, is af-

fected by the ruling of this court. To rule otherwise would simply be to compel plaintiff to discontinue this action and bring a new and additional suit. This is not a speedy and inexpensive determination of justice.

The rule to add the additional party was, therefore, made absolute.