## Greco v. Musicraft Records, Inc. No. 2

*I. H. Bellis,* for plaintiff.

*J. Gross,* for defendant.

*M. H. Brown,* for garnishee.

Bok, P. J., June 8, 1950.—We now incorporate our prior memorandum as part of this opinion.[1]

___

[1] Greco v. Musicraft Records, Inc. No. 1, 71 D. & C. 27.

Plaintiff has filed a rule to show cause why the caption should not be amended. The desired amendment is to add "a partnership" to "Kayler Co., garnishee".

While this might be done, under White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532 (1910), supported by Pa. R. C. P. No. 2128, two obstacles stand in the way.

One is that the sheriff's return has not been amended. The deputy's affidavit still shows that he served a copy of the bill on "Kagle Company—Garnishee", and it is still impossible to determine from his return what it was he handed the manager of "Kayler Company, Garnishee". "A copy of the writ" cannot be implied from the end phrase, "and making known to him the contents thereof" (not "hereof"), because "place of business" immediately precedes it, and for all we know, the deputy made known to Rakliff the contents of the garnishee's place of business. These writs are technical. Anyway, since the writ refers to a bill in equity that was served on "Kagle Company", the officials of "Kayler Company", so far as we can tell from the record, were never served with a copy of the bill. Hence the ostensible garnishee is not in court.

We gave leave to amend on January 5, 1950. Six months have elapsed and that is too long: Irvine v. May Oil Burner Corp. et al., 17 D. & C. 711 (1932). No further amendment will be considered.

The other obstacle is that defendant is in bankruptcy, and that by order of the United States District Court for the Southern District of New York, dated December 3, 1948, all other proceedings are enjoined. This order was filed within four months of the date of the writ in the instant case, and the prosecution of the suit before us might well establish a preference prohibited by the Bankruptcy Act.

The petition to amend the caption is denied, and the motion to quash the writ in foreign attachment is granted. The writ is quashed.