## Hodges, Appellant, *v.* McGovern.

*Practice, C. P.—Amendments—Justice of the peace—False arrest—Constable.*

1. Where a justice of the peace and a constable are sued in their official capacity for false arrest without notice in writing delivered to the justice thirty days before the suit, as required by the Act of March 21, 1772, 1 Sm. L. 364, an amendment, charging that the arrest was made in pursuance of a conspiracy and to compel payment of a judgment founded upon a contract, and that the arrest was made without a writ, will not be permitted to be filed, inasmuch as the amendment is an entire change in the cause of action.

2. While the statutes of amendments are to be construed liberally so as to give effect to their clearly defined intent and to prevent the defeat of justice through mere mistake, they will not be allowed to the prejudice of parties by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued.

Argued Nov. 2, 1910. Appeal, No. 14, Oct. T., 1911, by plaintiff, from judgment of Superior Court, April T., 1910, No. 148, reversing judgment of C. P. No. 4, Allegheny Co., Third T., 1907, No. 874, on verdict for plaintiff in case of Thomas F. Hodges v. Charles C. McGovern and Charles W. Campbell. Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass for unlawful arrest and false imprisonment.

Appeal from Superior Court.   See Hodges v. Mc-Govern, 43 Pa. Superior Ct. 566.

The following opinion was filed by ORLADY, J.:

In 1907 the plaintiff purchased a set of books from the Weedon-Frick Book Company under an installment contract, which provided that title to the property should remain in the vendor until the consideration was fully paid, and having defaulted in his payments the vendor brought suit in trover for the value of the goods and obtained a judgment therefor before Charles C. McGovern, an alderman, for $99.00.   Hodges failed to pay this judgment and as alleged by him a capias was issued thereon, directed to Charles W. Campbell, a constable, and he was taken into custody by the constable and detained in the office of the alderman for several hours.

This action of trespass was brought by him against McGovern as an alderman and Campbell as a constable, for unlawful arrest and false imprisonment.   The record shows that the action is against them in their official capacity, as the title to the action and the statement in the court below designates them as such, and it is admitted that no notice in writing had been delivered to the alderman at least thirty days before the suing out of the same, clearly and explicitly containing the cause of action, as required by the Act of March 21, 1772, 1 Sm. L. 364, 2 Stewart's Purdon, 2162.

Evidence of a second arrest was excluded, the offer being to show that the plaintiff was arrested on a warrant and capias, but was subsequently discharged on a habeas corpus, so that this record has to deal with only the first arrest and detention.   The statement filed shows that the complaint was based upon the illegal acts of the defendants done and performed by them as alderman and constable, and with the record in that condition it is practically conceded that there could not have been any recovery. However, an amendment was permitted, which alleged

that the defendants wickedly, maliciously and unlawfully conspired together for the purpose of arresting the plaintiff and depriving him of his liberty in order to compel him to pay a certain judgment which was founded upon a contract, and that McGovern, as alderman, and Campbell, as constable, pursuant to this conspiracy, without writ or warrant, did arrest the plaintiff. The trial judge disposed of this contention as follows: "My first impression was that possibly this old act of 1772 had some bearing on the facts connected with what is called the first arrest; because plainly, if what the defendants claim is true, the arrest was made under color of law, or under color of the official positions held by these defendants respectively, and I thought that perhaps the act of assembly might apply to such a case as that, but I am satisfied that the act does not apply to such a case, and that the alderman and constable are not protected by that act if what the plaintiff claims be true, because they did not make this arrest in the exercise of their office, but made it without any authority at all, no warrant having been issued by the alderman, and the constable having no warrant or writ of execution upon which he could base his authority to make the arrest," and held that the alderman was not entitled to the notice provided for in the act of 1772. The case was submitted to the jury, which returned a verdict of $500 against the defendants, designating them by their respective offices.

We cannot agree with this interpretation of the testimony. The plaintiff testified, that when he was in his office, Campbell came to him and said: " 'I want you.' I said, 'What for?' He said, 'Come over to the alderman's office and you will find out.' I said, 'Well, can't I see my attorney?' We went up and explained to Mr. Behen that I was wanted, arrested, taken and wanted over at Alderman McGovern's office. Mr. Behen said, 'I will be over there just as soon as I am through here in this case.' I went in custody of the constable over to the alderman's office, the constable had said I was under arrest." The

plaintiff accompanied the constable to the alderman's office and remained there by direction of the constable from 3:30 to 5 o'clock in the afternoon, waiting for the return of his attorney. The attorney testified that he had appeared and asked the alderman "What the trouble was about, he said, 'I have arrested Hodges and he has got to pay that bill or I will put him in jail if he does not.' I said, 'Do you have authority to do this? You had better go slow.' He said that he did have the authority to do it, and that he would commit Hodges to jail if he didn't pay the bill." The constable testified that he arrested the plaintiff herein on an execution, with a capias clause, which he exhibited on the witness stand, but which is not printed in the paper-book.

To justify this amendment, it is urged by the appellee that the defendants were sued under a misapprehension that a tort had been committed by the alderman and constable in their respective official capacities; but that on the trial, it was developed by the alderman's docket that no writ had been issued, and that the amendment changed the form of action so as only to charge them with a tort committed by them under color of their office and not by virtue of the same. This distinction is entirely too refined. While there was some controversy on the trial as to the correctness of the alderman's docket, both the alderman and the constable testified that at the time the plaintiff herein was taken into custody, a writ had been issued and was then in the hands of the constable, although not properly noted on the docket, and in submitting the question to the jury the court said: "If such a writ was issued and the constable had it, he is protected as well as the alderman and there could be no recovery against them. If such a writ was not issued, and this exhibit was an afterthought, and this plaintiff was arrested without a writ of execution with a capias clause, then the constable and alderman,—for the alderman seems to have been expecting him at his office,—if you believe the testimony produced on the part of the plaintiff, ex-

ceeded their authority, and are answerable in. damages."

In Trego v. Lewis, 58 Pa. 463, it was said: "Undoubtedly the courts will never permit a party to shift his ground or enlarge its surface by introducing a new and different cause of action, especially when by reason of the statute of limitations, or an award of arbitrators, or for some good reason, it would work an injury to the opposite party." In Kille v. Ege, 82 Pa. 102, it was said: "Amendments depriving the opposite party of any valuable right shall not be allowed."

Under the pleadings, at the time the amendment was allowed, the lack of notice required by the act of 1772 was a bar to the action; and under the undisputed testimony, the present plaintiff was taken into custody by an officer of the law, notified that he was under arrest, then taken to the office of an alderman, who confirmed the statement of the constable that he had "arrested Hodges and he has got to pay that bill, or I will put him in jail if he doesn't." These were acts which could only be interpreted as being by virtue of their offices of alderman and constable, and not under mere color thereof. Furthermore, Hodges was represented before the alderman by his attorney, who demanded his release on account of the irregularity of the proceeding, coupled with a plea for extension of time, and a promise of payment of the judgment, which was refused by the alderman, and the threat as above quoted was then made. While the statutes of amendments are to be construed liberally so as to give effect to their clearly defined intent, and to prevent the defeat of justice through mere mistake, they will not be allowed to the prejudice of parties, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued: Grier Bros. v. Assurance Co., 183 Pa. 334; Soperstein v. Salsberg, 17 Pa. Superior Ct. 288; Peterson v. Delaware River Ferry Co., 190 Pa. 364; Garman v. Glass, 197 Pa. 101.

The amendment allowed in this case was not a mere

change of form but an entire change in the cause of action. In Holmes v. Penna. R. R. Co., 220 Pa. 189, the court adheres to the rule laid down in Cassell v. Cooke, 8 S. & R. 268, in relation to the cause of action: "The true criterion is whether the alteration or proposed amendment is a new or different matter, another cause of controversy; or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint and with his proof and the merits of his case" and cites a number of cases in which the distinction has been observed. The change in the form of this action being substantial, and depriving the defendant of a valid defense as the record stood before the amendment was allowed, it was error to permit it to be made. Though the plaintiff did not request a view or hearing of the warrant, he had the right to assume that the officer, who was well known to the plaintiff as such, had a legal warrant for his apprehension, and he acted in that belief by going with him to the alderman's office, and was there again assured by the alderman, who was also well known to be such, that he was under arrest. His liberty was interfered with by the constable and alderman, who acted by virtue of their offices, and the undisputed evidence in this record shows that these officers were being sued in their official capacity. In this view of the case it was error to allow the amendment, and the assignments of error are sustained; the judgment is now reversed for the reason that the alderman was entitled to the notice as required by the act of 1772.

*Error assigned* was judgment of Superior Court.

*Denis Æ. Behen,* for appellant.

*Charles A. O'Brien,* for appellees.

PER CURIAM, January 3, 1911:

The judgment of the Superior Court is affirmed on the opinion of Judge ORLADY.