## McGinnis. Appellant, v. The Valvoline Oil Works, Limited.

*Practice, C. P.—Pleadings—Amendments.*

1. Where a plaintiff makes a mistake in the name of the party whom he is suing, he should be allowed to correct the error, even though the statute of limitations has barred the commencement of another action on the claim.

2. Where an action of trespass for personal injuries was brought against "The Valvoline Oil Works, Limited, a corporation," and plaintiff subsequently learned that defendant was a partnership association, and not a corporation, it was error to refuse to permit plaintiff to amend the record and pleadings by striking out the words "a corporation," and adding in their stead "a partnership association."

3. In such case plaintiff did not bring an action against the wrong party, but merely made a mistake in stating the name of defendant, which he had a right to correct.

Argued Oct. 7, 1915. Appeal, No. 82, Oct. T., 1915, by plaintiff, from order of C. P. Butler Co., June T., 1913, A. D. No. 10, refusing to permit an amendment, in case of W. C. McGinnis v. The Valvoline Oil Works, Limited, a corporation. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries.

Motion for leave to amend the record and pleadings by changing the name of defendant from "The Valvoline Oil Works, Limited, a corporation," to "The Valvoline Oil Works, Limited, a partnership association." Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

The court refused the motion. Plaintiff appealed.

*Error assigned* was the order of the court.

*W. H. Martin,* with him *Edgar H. Negley,* for appellant.

*W. D. Brandon,* with him *J. Campbell Brandon,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1916:

This is an appeal by the plaintiff from an order of the court below refusing to permit an amendment in the designation of the party defendant.

"The Valvoline Oil Works, Limited," is a partnership association, created and existing under the laws of this State, with its principal office and works at East Butler, where the plaintiff was employed. He was injured, at the defendant's plant, on March 19, 1911, and brought suit to recover damages from his employer, naming it as "The Valvoline Oil Works, Limited, a corporation." On November 5, 1914, the plaintiff having learned that the defendant was a partnership association, and not a corporation, moved for leave to amend by striking from its name the words, "a corporation," and adding, in their stead, the words, "a partnership association." The court below refused to permit this amendment, on the ground that it introduced a new party to the action after the statute of limitations had run; hence this appeal.

The lawyers who accepted service of the original summons were attorneys for "The Valvoline Oil Works, Limited," for whom the plaintiff worked, and in whose service he was injured; at that time, they also represented a corporation named "The Valvoline Oil Company," with whom the plaintiff, so far as the record shows, had no connection.

The appellant contends that the desired amendment does not name a new party defendant, but merely corrects the name of the defendant originally designated and summoned, citing: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Druckenmiller v. Young, 27 Pa. 97. (See also Meitzner v. Balto. & Ohio R. R. Co., 224 Pa. 352, and Tonge v. Item Publishing Co., 244 Pa. 417.)

On principle, the above authorities rule the present case. "The Valvoline Oil Company" was not designated or summoned as defendant, but a concern with quite a different name—"The Valvoline Oil Works, Limited"; and, since we have no. "limited" corporations in this country, it is not at all likely that any one interested could reasonably have been misled by the insertion of the word "corporation" after the word "limited" in the title of the defendant. The plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer, and this he had a right to correct.

The authorities relied on by the defendant and cited by the court below do not govern the present case. White Co. v. Fayette Auto. Co., 43 Pa. Superior Ct. 532, 533, states the recognized rule, "If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused." The amendment was denied in that case, however, because it did not seek merely to change a name, but also to bring in as defendants five individuals not previously named. Girardi v. Laquin Lumber Co., 232 Pa. 1, where the amendment was refused, is an instance of precisely the same character.

The assignments of error are sustained, the order is reversed, the amendment allowed and the record returned to the court below with a procedendo.