## Liesch *v.* Munhall, Appellant.

Argued May 1, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES, and RHODES, JJ.

*Walter F. Campbell,* for appellant.

*John M. Russell,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

An action of assumpsit was brought on December 28, 1932, by Pierre A. Liesch against A. C. Munhall and Adina C. Munhall to recover $1,381.64, with interest from April 1, 1927, for an alleged breach of an oral contract, dated November 26, 1926, which provided for the furnishing by the plaintiff of plans and specifications for alterations to a dwelling house.

On the trial of the case on October 4, 1934, it appeared that the correct name of the defendant, designated as Adina C. Munhall, is Ruth W. Munhall, and that Adina C. Munhall and A. C. Munhall are one and the same person. Thereupon, motion to amend was made, so that the record should read "Adina C. Munhall, otherwise known as Ruth W. Munhall." This motion was allowed. Upon defendant's entering a plea

of surprise, the case was continued. Ruth W. Munhall thereafter obtained a rule to show cause why her name should not be stricken from the record. The rule was discharged, and this appeal was taken.

In the statement of claim, the plaintiff averred that the *defendants* entered into an oral agreement, whereby *they* employed him to do certain work, etc., thus indicating that the plaintiff was suing two persons. Copies of the writ and plaintiff's statement of claim were served on "A. C. Munhall and Adina C. Munhall, the within named defendants, by leaving a true and attested copy of the within writ in duplicate with an adult member of their family at their residence ...... together with a copy of the plaintiff's statement of claim in duplicate," etc. An appearance was entered for "A. C. Munhall and Adina C. Munhall," and an affidavit of defense was filed, signed by "Walter F. Campbell, Attorney for Defendants," denying the employment of the plaintiff to make plans and specifications, etc. But it was admitted therein that the plaintiff had made certain emergency repairs for which, it was averred, he was paid. Nothing, however, was said in the pleadings that A. C. Munhall's christian name is Adina. A. C. Munhall, who signed the jurat, described himself, not as *the* defendant, but as *a* defendant in this suit. At the trial, plaintiff testified that he had dealt with both of the defendants, but that he "knew Mrs. Munhall as Mrs. Ruth W. Munhall. I also knew her as Mrs. Adina C. Munhall."

The question before us is whether the amendment allowed after the statute of limitations had run brought in a new party to the action. Statutes dealing with amendments are liberally construed to prevent a defeat of justice through a mere mistake as to the parties, and amendments will be allowed if the only effect is to correct the name of the right party sued. We think this is not an attempt to bring in a new party on the record. The plaintiff merely made a mistake in the

name of one of the parties sued, and the effect of the amendment was solely to correct that error: Mc-Ginnis v. The Valvoline Oil Works, 251 Pa. 407, 96 A. 1038. If the name of Ruth W. Munhall had appeared in the original writ and in the statement of claim, and if the service by the sheriff had been made at the same place and in the same manner, it would have been valid as to both defendants. The evidence showed that she owned the residence on which the services were rendered, consulted with the plaintiff, gave him suggestions and instructions for the contemplated changes, etc. She was a party, therefore, to all the transactions and was liable if the plaintiff could sustain his averments.

There can be no dispute that the plaintiff intended to make Ruth W. Munhall a party defendant, and, as the effect of the amendment was simply to correct the name of the right party sued, the amendment was properly allowed: Wright v. Eureka T. Copper Co., 206 Pa. 274, 55 A. 978.

Decree of the lower court is affirmed.

Judges PARKER and RHODES dissent.