First National Bank of Ashley *v.* Tomichek et al.,
Appellants.

Argued March 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

102

*Henry Thalenfeld,* with him *Roy B. Pope* and *E. F. McGovern,* for appellants.

*Michael F. McDonald, Jr.,* with him *Michael F. McDonald,* for appellee.

OPINION BY BALDRIGE, J., April 29, 1940:

The single question raised by this appeal is: Where a judgment is entered against owners of real estate which is subsequently revived without notice to terre-tenants, and within five years of the recording of the deed to the terre-tenants, a writ of scire facias et quare executionem non is issued to revive the judgment entered on a scire facias, may such writ of scire facias be amended after the expiration of five years from the recording of such deed so as to provide for the revival of the original judgment?

A judgment in the sum of $1,000 was entered originally December 8, 1928, by the plaintiff bank against John Tomichek and Mary Tomichek, his wife, in the Court of Common Pleas, Luzerne County, to *No. 80, January Term, 1929,* and became a lien on a certain lot designated as No. 28 Wyoming Street, Ashley, Luzerne County. On September 25, 1931, Tomichek and his wife conveyed the lot to their son, Joseph Tomichek, and that same day the son reconveyed it to his mother for life, with the remainder to her children, the appellants herein. Both of these deeds were recorded September 25, 1931.

The judgment was amicably revived November 28, 1933, to *No. 1401, December Term, 1933,* against John Tomichek and Mary Tomichek only, the terre-tenants not being parties thereto.

On the 19th day of September, 1936, the bank caused to be issued a writ of scire facias to revive the judgment entered to *No. 1401, December Term, 1933,* naming the original defendants and also the appellants as terre-tenants. The defendants, appellants herein, as

terre-tenants, filed an answer. Subsequently certain steps were taken not material to this issue.

The plaintiff bank, on November 25, 1938, filed its petition asking for rule to show cause why an alias writ of scire facias should not be amended to read *No. 80, January Term, 1929,* instead of *No. 1401, December Term, 1933,* and to be issued as of September 19, 1936.

Appellants, the terre-tenants, filed an answer to this petition, admitting all the facts as averred therein in the petition, but denying that the bank was the holder of any judgment constituting a lien on the land then owned by them.

The court concluded that the amendment should be allowed and made the rule absolute, and permitted a pluries writ to issue. The defendants filed an answer to the pluries writ as amended, again denying that they owned any land on which plaintiff's judgment was a lien. Judgment was entered against the terre-tenants for want of sufficient affidavit of defense to the pluries scire facias. Hence this appeal.

Under the Acts of March 26, 1827, P. L. 129, as amended (12 PS §868) and April 16, 1849, P. L. 663 (12 PS §872) a judgment creditor may revive his judgment as against the terre-tenants at any time within five years of the recording of the deed to the terre-tenants; if not so revived within that time, the lien on the land conveyed is lost, and a revival against the original debtor is not effective to continue the lien as against the terre-tenant who is not named: *Farmers' National Bank and Trust Co. of Reading, to use v. Barrett et al.,* 321 Pa. 273, 184 A. 128; *Eli G. Suter v. William Findley,* 5 Pa. Sup. Ct. 163.

The scire facias against the terre-tenants was issued within five years of the recording of their deed. The judgment named in the praecipe and writ of September 19, 1936, however, was not the original judgment entered to *No. 80, January Term, 1929,* which was then a lien on appellant's land, but the amicably revived judg-

ment to *No. 1401, December Term, 1933,* which was not a lien on the land conveyed. The amendment allowed by the court on January 11, 1939 was made long after the five year limitation had expired.

The court below exceeded its power in allowing the amendment under these circumstances. The present case is controlled by the decision in *First National Bank and Trust Company et al. v. Miller et al.,* 322 Pa. 473, 186 A. 87. There Miller conveyed land by deed recorded November 18, 1927, to the Greene County Amusement Company, when a judgment entered May 19, 1927, was a lien on the land. On May 12, 1932, a scire facias issued to revive the judgment, but the terre-tenant was not joined or served. This scire facias was reduced to judgment June 21, 1932, on which day White-hill, the assignee of the judgment, issued a second scire facias to revive it, naming the amusement company as terre-tenants. Meanwhile, on the same date, three other creditors entered judgments against the amusement company. In a contest arising from the sheriff's distribution of funds realized on the sale of the amusement company's real estate the Supreme Court held that the three judgment creditors came in ahead of the plaintiff bank, as appellants failed to revive the only judgment which was a prior lien against the land, and consequently the priority of the lien against the land conveyed was lost.

It is clear that the bank in the instant case lost its lien on the land in question by its failure to revive the only judgment which was a lien within the period of five years of the date of the conveyance to the appellants. The statutory limitation gave the appellants substantive rights of which they could not be deprived by amending the pleadings: *Duffey v. Houtz,* 105 Pa. 96. In that case Duffey held two judgments against Houtz, Coryall held an intermediate judgment. After the lien of the first judgment had expired and the second lien had been revived, Duffey obtained an amendment

so that the scire facias, originally referring to the second lien, described the first judgment. The lower court modified the order allowing the amendment so that the intervening creditors' rights were protected and this action was affirmed on appeal.

Amendments are not permitted which prejudice the opposite party or deprive him of some substantial right. "While the statutes of amendments are to be construed liberally so as to give effect to their clearly defined intent, and to prevent the defeat of justice through mere mistake, they will not be allowed to the prejudice of parties by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued: (citing cases)." *Hodges v. McGovern*, 230 Pa. 368, 372, 79 A. 636. See, also, 3 Standard Penna. Practice, p. 611, §19 and *Cox v. Wilkes-Barre Railway Corp.*, 334 Pa. 568, 570, 6 A. 2d 538

The amendment was not, as the appellee argues, a mere clerical error. The judgment named was the one intended to be revived. No reference was made to *No. 80, January Term, 1929,* the original judgment. In the petition to amend the appellee states that the praecipe for the scire facias of September 19, 1936, naming the terre-tenants, directed the writ to issue to revive the second, not the original judgment. There was no inconsistency, irregularity, or defect in the record, nor was any clerical error made by any person in charge of the records. The prothonotary correctly followed the specific instructions of the praecipe.

It is immaterial that the objection to the amendment of the scire facias and to the revival of the judgment was made by the terre-tenants rather than by the intervening creditors as in the Miller and Duffey cases. Chief Justice KEPHART stated in the Miller case, supra, at p. 478: "The latter (the amusement company, terre-tenant) could have successfully defended this scire facias if it desired to do so." *Compare Zerns v. Watson*, 11

Pa. 260, cited and quoted by the Supreme Court in the Miller case, supra.

The appellants were terre-tenants as they became owners of an interest in the real estate after the lien was attached (*Havens et al. v. Pearson,* 334 Pa. 570, 6 A. 2d 84) and were unquestionably entitled to the protection afforded them by the five year limitation.

The allowance of the amendment and entry of judgment against the appellants as terre-tenants for want of sufficient affidavit of defense to the pluries scire facias as amended was improper.

Appellant's assignments of error are sustained and the judgment of the lower court is reversed. The order allowing the amendment is hereby vacated and the judgment entered against the appellants as terre-tenants is reversed.