## Calhoon v. Newlon et al.

*Joseph A. Tritschler*, for plaintiff.

*Philip E. Hamilton*, for defendants.

READER, P. J., October 4, 1940.—Plaintiff, Thomas S. Calhoon, entered judgment on November 9, 1933, against William G. Newlon and Mary E. Newlon, defendants above named. The judgment was entered on a bond accompanying a mortgage at no. 320, December term, 1933, d. s. b. Defendant Mary E. Newlon acquired title to certain real estate in the Borough of New Brighton, Beaver County, Pa., by deed from her mother, Mary V. Ryan, dated May 17, 1935. She acquired title to another property in said borough by descent from her mother, Mary V. Ryan, who died on November 26, 1935. These properties, being acquired subsequent to the entry of the original judgment above referred to, at no. 320, December term, 1933, d. s. b., were not bound by the lien thereof. On December 4, 1935, plaintiffs issued a scire facias at no. 5, March term, 1936, upon said original judgment, the said scire facias being issued against William G. Newlon and Mary E. Newlon. The purpose of this writ was to revive

and continue the lien of the original judgment so as to make it a lien upon the after-acquired real estate above referred to. The scire facias was duly indexed upon the judgment index of said Beaver County. Judgment was taken upon the scire facias referred to on September 20, 1939, against William G. Newlon and Mary E. Newlon. William G. Newlon and Mary E. Newlon conveyed the real estate, hereinbefore referred to, to Marian E. Smith, wife of Paul F. Smith and a daughter of said William G. Newlon and Mary E. Newlon, by deed dated February 17, 1936, recorded in the office for recording deeds in and for Beaver County, on February 17, 1936, in Deed Book Vol. 430, p. 50. On April 6, 1940, plaintiffs caused a writ of scire facias to be issued against William G. Newlon and Mary E. Newlon, defendants, and Marian E. Smith, terre-tenant, at no. 75, June term, 1940.

To the scire facias issued at no. 75, June term, 1940, William G. Newlon and Mary E. Newlon, as defendants, and Marian E. Smith, as terre-tenant, filed an answer. This answer sets forth the facts hereinbefore stated, and upon the basis of these facts the terre-tenant contends that the land conveyed to her on February 17, 1936, by William G. Newlon and Mary E. Newlon, is not subject to the lien of any of the judgments herein referred to, and that judgment cannot be entered against said terre-tenant, Marian E. Smith, upon the scire facias at no. 75, June term, 1940. In the answer there is also a prayer for a rule upon plaintiff to show cause why the name of Marian E. Smith should not be stricken from the record. The rule was granted as prayed for, and to this rule an answer was filed by plaintiff.

The case is now before us for determination of the question as to whether Marian E. Smith as terre-tenant should be stricken from said writ of scire facias, and the question as to whether judgment should be entered upon the writ of scire facias against said terre-tenant as well as against the original defendants.

It is true that the original judgment at no. 320, December term, 1933, d. s. b., was not a lien upon the after-acquired real estate of defendants. Had the record stood without further proceedings upon said judgment, the terre-tenant would undoubtedly have acquired title to the said land by the deed of February 17, 1936, free from the lien of said judgment. As above stated, however, on December 4, 1935, plaintiff issued a scire facias at no. 5, March term, 1936, upon said original judgment. This writ of scire facias was issued for the purpose of continuing the lien of the original judgment, and making it a lien upon said after-acquired real estate. Judgment was not entered upon this scire facias until September 20, 1939, and the question is as of what date the lien of the scire facias and judgment at no. 5, March term, 1936, became effective as to the after-acquired real estate.

It seems to us that this question is determined by the Act of June 12, 1931, P. L. 506, 12 PS §876. Section 1 of this act reads as follows:

"That when a scire facias is sued out upon any judgment of record, either for the purpose of reviving the lien thereof against the real estate of the person against whom the judgment is entered after such lien shall have been lost, or for the purpose of extending the lien thereof to the after acquired real estate of such person, the proceedings on such scire facias shall be as provided by law for such writs and shall be concluded without delay, and the lien shall be effective as of the date when the scire facias issued. All such writs of scire facias shall be properly indexed in the judgment docket."

The effect of this act is to make the lien of the scire facias effective as of the date when it was issued, provided it was properly indexed in the judgment docket. This was done in the instant case. We are of the opinion, therefore, that the scire facias at no. 5, March term, 1936, became a lien upon the after-acquired real estate of Mary E. Newlon on December 4, 1935. This being the case, when

Marian Elizabeth Smith acquired title thereto by deed dated February 17, 1936, she took title subject to this lien.

The writ of scire facias now before us at no. 75, June term, 1940, was issued not upon the original judgment, but upon the revived judgment, at no. 5, March term, 1936. The terre-tenant is brought into the proceeding by this second writ of scire facias at no. 75, June term, 1940. It is contended by terre-tenant that this scire facias should have been issued upon the original judgment at no. 320, December term, 1933, d. s. b. If this original judgment had been a lien upon the land in question, we think this position would be sound. In that event the scire facias to bring in the terre-tenant should have been issued upon the original judgment and not upon the revival thereof against defendants only. This position is supported by the decisions in the following cases, as well as others: Farmers National Bank & Trust Co., etc., to use, v. Barrett et al., 321 Pa. 273; First National Bank & Trust Co. et al., v. Miller et al., 322 Pa. 473; First National Bank of Ashley v. Tomichek et al., 140 Pa. Superior Ct. 101.

The reason for the holding in the cases cited, and other like cases, is that, the original judgment being a lien upon the land in the hands of defendants and the first revival thereof against defendants only, in creating a lien against the terre-tenant the proceeding against the terre-tenant must be upon the original judgment. We think these cases are all distinguished from the present case by the fact that in this case the original judgment at no. 320, December term, 1933, d. s. b., was not a lien upon the land in question, it having been subsequently acquired. The first lien upon that land against defendants arose from the scire facias at no. 5, March term, 1936, issued December 4, 1935, and indexed at that time in the judgment docket in the office of the Prothonotary of Beaver County. This lien arose under these facts by reason of the provisions of the Act of 1931, above quoted. This being the first lien upon the land in question, we think it was proper

to issue a scire facias upon it to bring in the terre-tenant. The terre-tenant's deed was recorded on February 17, 1936. The scire facias at no. 75, June term, 1940, was therefore issued within five years after the recording of this deed, as required by the provisions of the Act of April 16, 1849, P. L. 663, 12 PS §872. The requirements of this act were also met in that the original judgment was regularly revived between the original parties.

We are, therefore, of the opinion that judgment may properly be taken upon the writ of scire facias now before us against defendants William G. Newlon and Mary E. Newlon and the terre-tenant, Marian Elizabeth Smith.