## Cardello v. Fleming

*Francis X. McCulloch,* for plaintiff.

*Zeno Fritz,* of *Fritz, Briley & Finerty,* for defendant.

LONG, P. J., fifty-fourth judicial district, specially presiding, July 15, 1941.—Plaintiff, Nick Cardello, alleges that on January 6, 1937, about eight a.m., while crossing the street intersection at Ridge and Fleming Avenues, North Side, Pittsburgh, Pa., he was struck, knocked to the street, and severely injured by an automobile owned and operated by defendant, James Fleming. Two men picked him up and took him to the hospital. As the result of the impact he was dizzy; sustained fractures of four ribs on his right side; black and blue marks on his body, and aggravated a former injury to his back and hip. He was in the hospital nine days and confined to his home for a period of two months. He suffered and continues to suffer pain and as the result of the accident is unable to do heavy work because of pain in his back.

He is aged 47 years and earned $120 per month as a W. P. A. foreman prior to the accident. As a result

of the accident he was compelled to pay doctor and hospital bills to date aggregating $69 and lost $240 in wages.

His witnesses testified that, at the point of the accident, defendant's car was swinging around a corner going between 20 and 25 miles per hour. The day was clear, the street was dry, and there was nothing to obstruct the view of the operator of the automobile. The testimony was uncontradicted that the operator of the automobile gave no sound or warning of his approach and apparently did not see plaintiff until the automobile struck him.

The jury returned a verdict in favor of plaintiff in the sum of $416. Counsel for plaintiff filed a motion for a new trial, alleging, inter alia, that under the law and the evidence the verdict was insufficient and inadequate. Counsel for defendant filed motions for new trial and judgment non obstante veredicto, respectively. His motion for new trial alleges, inter alia:

(1) The verdict was against the weight of the evidence; (2) against the law; (3) that the court erred in refusing to affirm defendant's first point, to wit, "Under the law and the evidence, the verdict of the jury must be for defendant, James Fleming"; (4), in substance: That the action against defendant was not commenced within two years from the time the injury was done; (5), in substance: That the alias and only summons against defendant issued on April 24, 1939, more than two years after the date of the accident.

Reasons 3, 4, 5 set forth in defendant's motion for a new trial are, in substance, the same as defendant's points 1, 2, and 3, requests for charge, which were refused.

The case now comes before us by virtue of plaintiff's motion for a new trial and defendant's motions for a new trial and judgment non obstante veredicto.

In passing on the motion for judgment n. o. v. we must consider the evidence in the light most favorable

to plaintiff: Carter et al. v. Pittsburgh Rys. Co., 327 Pa. 586; Giannone v. Reale, 333 Pa. 21.

The sole matters raised on the argument before the court en banc were on the part of plaintiff, who contended that the verdict is inadequate, and, on the part of defendant, that the verdict cannot be sustained because the statute of limitations ran against plaintiff before the alias summons in trespass issued.

It will be necessary to refer to the pleadings and papers filed in connection therewith. They are, following the accident on January 6, 1937, as follows:

December 6, 1937, plaintiff's præcipe for summons in trespass, together with his statement of claim, filed in the office of the prothonotary, on the back or cover of which appears the endorsement, "Nick Cardello v. John Fleming. Præcipe and statement of claim. To the within defendant: You are hereby required to file an affidavit of defense to the within statement of claim within fifteen days after the service hereof. Francis X. McCulloch, attorney for plaintiff." On the inside thereof appears the caption, "Nick Cardello v. James Fleming." Then follows præcipe for summons in trespass and text of statement of claim.

On December 6, 1937, the prothonotary issued a summons, captioned "Nick Cardello v. John Fleming."

December 10, 1937, Sheriff Gollmar made service on defendant, John Fleming, "on Margaret Fleming, his wife, an adult member of his family at his residence." This was returned to the prothonotary January 4, 1938.

December 28, 1937, Fritz, Briley & Finerty, Esqs., filed præcipe for appearance of defendant, John Fleming.

January 10, 1938, Francis X. McCulloch, Esq., filed præcipe for issue in the case of Nick Cardello v. John Fleming.

February 3, 1939, petition for leave to issue alias summons in trespass on the part of William D. Frasher,

Esq., prothonotary, captioned "Nick Cardello v. James Fleming, no. 3068, January term, 1938," was presented to the court, alleging, inter alia:

"(3) . . . Præcipe and statement of claim was lodged with your petitioner on December 6, 1937, directing your petitioner to issue a summons in trespass against James Fleming, but inadvertently through clerical error in the office of your petitioner, the writ in trespass was directed to be issued to one John Fleming; (4) that on December 6, 1937, written directions were given the Sheriff of Allegheny County, Pa., by Francis X. McCulloch, Esq., to serve defendant, James Fleming, with the writ in trespass together with a copy of the statement of claim at his residence at 672 Evergreen avenue, Millvale, Pa.; (5) that the sheriff served the writ . . . directed to John Fleming, together with a copy of the statement of claim, directed to James Fleming, on December 10, 1937, by handing a true and correct copy of the writ and a copy of the statement of claim to Margaret Fleming, wife of John Fleming, an adult member of the family of John Fleming and James Fleming . . . ; (6) that John Fleming, the person inadvertently named in the writ . . . is the father of James Fleming, and that the said John and James Fleming at the time of the service of the writ resided at 672 Evergreen avenue, Millvale, Pa., and that Margaret Fleming, the adult member of the family on whom the sheriff served the said writ and statement of claim, is the wife of John Fleming and the mother of James Fleming; (7) that the præcipe for summons in trespass was properly filed with your petitioner against the proper defendant, the said James Fleming, and the sheriff was properly directed to serve James Fleming, but through clerical error, the writ was improperly directed to John Fleming."

Zeno Fritz, Esq., filed a præcipe for appearance d. b. e. for the purpose of contesting the issuance of an alias summons, and the defendant, James Fleming, filed

answer thereto, alleging, inter alia, that the writ was issued against John Fleming because plaintiff or his attorney captioned the name "John Fleming" as defendant on the back of the præcipe and statement of claim; that John Fleming was served by the sheriff as defendant in this action; that plaintiff's attorney filed a præcipe for issue in the captioned case, "Nick Cardello v. John Fleming"; that James Fleming at no time appeared in person or by attorney, and that plaintiff's cause of action arose on January 6, 1937; that the prothonotary's petition was not presented until February 3, 1939, more than two years after the said cause of action arose; that by reason thereof plaintiff's cause of action is and has been since January 7, 1939, barred by the provisions of the Act of June 24, 1895, P. L. 236, and that by granting the prothonotary's petition plaintiff will be authorized to institute an action against James Fleming more than two years from the time the injury was alleged to have been done and the respondent will thereby be deprived of his defense that the action has been barred by the provisions of the statute. He prayed for the discharge of the rule to show cause why an alias summons should not be issued against respondent, James Fleming.

February 16, 1939, præcipe for argument list filed by Francis X. McCulloch, attorney for plaintiff.

March 29, 1939, called for pretrial.

April 24, 1939, order of court, reading as follows: "And now, to wit, this 24th day of April, 1939, the rule to show cause why the prothonotary of Allegheny County, Pa., should not be allowed to issue an alias summons in trespass against James Fleming, is made absolute, and it is hereby ordered that an alias summons in trespass shall be issued by the prothonotary against James Fleming. By the court R. H. S. Exception noted, bill sealed to defendant. Ralph H. Smith, J."

May 1, 1939, præcipe for appearance of Zeno Fritz, attorney for James Fleming, filed.

May 6, 1939, præcipe for issue by Francis X. McCulloch, Esq., filed.

May 10, 1939, continued to May 18, 1939. Pretrial May 18, 1939.

The merits, based on the facts involved in the accident, are overwhelmingly in favor of plaintiff. On those facts the verdict is wholly inadequate and the trial judge has no hesitancy in stating that a new trial should be awarded on the grounds of inadequacy. However, how can plaintiff sustain any verdict under the law?

The cause of action arose on January 6, 1937. Plaintiff brought suit in trespass on December 6, 1937, against (on the outside of his præcipe and statement of claim) John Fleming—(on the inside of the præcipe and statement of claim) James Fleming. December 6, 1937, the prothonotary issued a summons, captioned "Nick Cardello v. John Fleming." December 10, 1937, the sheriff made legal service on John Fleming. The writ was returned served to the prothonotary on January 4, 1938. December 28, 1937, John Fleming entered an appearance, and on January 10, 1938, the plaintiff's attorney, Francis X. McCulloch, filed a præcipe for issue in the case, "Nick Cardello v. John Fleming."

Nothing was done thereafter for a period of two years and 28 days, or until February 3, 1939. The statute of limitations provides that such actions must be brought within two years from the wrongful injury: Act of June 24, 1895, P. L. 236, 12 PS §34; and counsel for the respective parties are in accord "that the action begins, not with the date of the præcipe, but with the issuance of the summons . . . ." Its commencement is not postponed to the time when service of the writ is effected: Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235, 237.

On February 3, 1939, the prothonotary petitioned the court for leave to issue an alias summons in tres-

pass in the case captioned "Nick Cardello v. James Fleming, no. 3068, January term, 1938," the same number and term at which the summons had issued in the case captioned "Nick Cardello v. John Fleming." The prothonotary alleges that "inadvertently through a clerical error in the office of your petitioner the writ in trespass was directed to be issued to one John Fleming; that written directions were given the sheriff by the attorney for plaintiff to serve defendant, James Fleming; that the sheriff served the writ on Margaret Fleming, wife of John Fleming, an adult member of the family of John Fleming and James Fleming; that John and James Fleming, respectively, were father and son and resided together at 672 Evergreen Avenue." Two years, three months, and 18 days after the cause of action arose, or on April 24, 1939, an alias summons in trespass issued in pursuance of the prothonotary's petition and order of court made thereon at the same number and term in the case captioned "Nick Cardello v. James Fleming."

The question now arises: May an alias summons in trespass be issued two years, three months, and 18 days after the cause of action arose, to bring into the case a new party, the right person, where the prothonotary admits that the original summons naming the wrong person was issued "inadvertently through clerical error?"

Plaintiff is not seeking to amend under the Act of April 16, 1846, P. L. 353, 12 PS §532, or the Act of May 4, 1852, P. L. 574, 12 PS §533, by changing or correcting the name of the party to the record.

The party defendant on the record within the time required by the statute was John Fleming, he having been made a party to the record by the summons issued December 6, 1937, as indicated in the prothonotary's petition. The purpose of the alias summons was to bring in a new party, to wit, James Fleming, the defendant named in the text of the præcipe and state-

ment of claim and against whom no summons issued until more than two years after the cause of action arose.

Instead of being the inception of a fresh suit an alias or pluries is, at common law, but a continuance of the process (see Bovaird & Seyfang Mfg. Co. v. Ferguson, supra), and in order to keep a cause of action alive a subsequent writ must be issued within the statutory period from the impetration of the prior writ. In Mayo v. James Lees & Sons Co., 326 Pa. 341, 342, the court said, inter alia:

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute. Accordingly, the rule has been established by this court that he may have a subsequent writ issued within the statutory period commencing from the impetration of the unserved writ; this will keep the cause of action alive: See *McClurg v. Fryer & Anderson*, 15 Pa. 293; *Bovaird & Seyfang Mfg. Co. v. Ferguson*, 215 Pa. 235."

But if the subsequent writ is issued later than the statutory period (in the instant case two years) computed from the impetration of the prior writ, the former is ineffective and the action is barred: Rees v. Clark, 213 Pa. 617; Prettyman v. Irwin, 273 Pa. 522.

Here John Fleming, the wrong man, was served and appeared within the statutory period. James Fleming, the right man, was not summoned within the statutory period.

In Girardi v. Laquin Lumber Co., 232 Pa. 1, the rule was stated as follows: "Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party, or change the capacity in which he is sued."

This conforms with the fact that the statute must be construed liberally so as to give effect to its clearly-defined intent and prevent defeat of justice through mere mistake. See Hodges v. McGovern, 230 Pa. 368, Cox v. Wilkes-Barre Ry. Corp., 334 Pa. 568, First National Bank of Ashley v. Tomichek et al., 140 Pa. Superior Ct. 101, Aiken, to use, v. Mayberry et al., 128 Pa. Superior Ct. 15, Leland et al. v. Firemen's Insurance Co. of Newark, 127 Pa. Superior Ct. 533, and Grier et al. v. Northern Assurance Co., 183 Pa. 334.

In Leisch v. Munhall, 118 Pa. Superior Ct. 555, it was held that amendments to the pleadings will be allowed, even though the statute of limitations has run, if the only effect is to correct the name of the right party sued. See Barrilo et al. v. Frank et al., 116 Pa. Superior Ct. 461, Radel v. Seib et al., 105 Pa. Superior Ct. 75, Wright v. Eureka Tempered Copper Co., 206 Pa. 274, and Martz v. Gingell, 37 D. & C. 429.

In Wernick v. Pittsburgh Underwriters Agency, 90 Pa. Superior Ct. 186, 188, Judge Trexler, while affirming the lower court, which had refused to permit the pleadings to be amended so that Rebecca Tessler, widow, might appear as plaintiff therein instead of the administrator of her husband's estate, said, after quoting the Act of April 16, 1846, supra:

"It has been repeatedly held that this act does not allow amendments to be made when such amendment will introduce a new cause of action or bring in a new party. If the effect of the amendment be to correct the name under which the right party instituted suit, it should be allowed. If its effect is to bring a new party in the record, it should be refused after the running of the Statute of Limitations."

In Wright v. Eureka Tempered Copper Co., supra, defendant intended to draw a præcipe for a writ against the copper works, and by mistake wrote the word "company" instead of "works". He served the right party and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party. It was held (p. 276) :

"If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations."

In Bahas v. Wilczek, 324 Pa. 212, the case came before the court on a petition and rule for a non pros of an alias summons. The accident occurred August 25, 1931. On April 4, 1933, suit was instituted against John Wilczek. He was served on April 12, 1933. It appears that there were two men named John Wilczek, father and son, living at the same street number. An affidavit of defense was filed and from this plaintiff learned that the John Wilczek against whom the summons was issued and served was not the Wilczek he intended to make defendant. On February 11, 1936, after the statute of limitations had run, he filed a petition for leave to issue an alias writ of summons upon the proper defendant, John Wilczek. The court denied the application on the ground that the petition was "in effect a petition to amend the record to bring in a new party." On April 14, 1936, the court made an order reciting prior proceedings and stating that for the purpose of obtaining an appealable order counsel for both sides had agreed that the order of February 11, 1936, refusing leave to issue the alias writ, should be vacated, and adopted the practice approved in the cognate cases of Forrest v. Philadelphia Rapid Transit Co., 261 Pa. 383, and Prettyman v. Irwin, supra (where the court discussed the practice involving the

raising of the question of the bar of the statute of limitations) ; whereupon, the alias writ issued, answer was filed, and the court made the rule absolute, adhering to its former conclusion that a new party could not be brought on the record as defendant more than two years and nine months after the cause of action had been barred.

The case of Bahas v. Wilczek, supra, is, in many respects, similar to the instant one. We are told, however, that there is a distinction; and that such distinction exists because here the prothonotary petitioned for the alias writ, alleging that the wrong man was sued inadvertently through clerical error on the part of the prothonotary or his agents.

Section 23 of the Act of April 14, 1834, P. L. 333, provides for the appointment of a prothonotary and clerk, or clerks, for each of the courts, who shall have custody of the records and seal of the court, and keep them at the place where court is held. Subsequent sections of the same act define the powers and authority of the prothonotary and clerks, none of which indicates that they perform other than judicial duties: Delco Ice Mfg. Co. v. Frick Co., Inc., 318 Pa. 337.

Courts have an interest in keeping their own records clear and should be free to adopt, without restriction, whatever measure or procedure is necessary for the purpose of correcting these records, so long as constitutional rights or statutory provisions are not violated: Delco Ice Mfg. Co. v. Frick Co., Inc., supra; Christ et al. v. Dubosky, 261 Pa. 297.

Judicial records have been defined as those associated with the progress of litigated cases. Various other definitions have been given: 15 C. J. 971; 23 R. C. L. 156; 36 Words & Phrases (Perm. Ed.) 531; but, in substance, all agree that it relates to litigation, present or prospective.

The court always has power to correct mistakes made by it in its own records and a judgment may be

corrected to agree with the facts and to express the true intent of the court and jury. See Altoona Trust Co. v. Fockler, 311 Pa. 426, Davis v. Commonwealth Trust Co. et al., 335 Pa. 387, Mars National Bank v. Hughes, 243 Pa. 223, and Gauz's Petition, 34 D. & C. 501.

The Act of 1895 fixed the time within which plaintiff's action must be brought. The learned counsel for plaintiff contends that, even though more than two years had elapsed from the time the cause of action arose until the alias summons issued against defendant, James Fleming, nevertheless, the statute of limitations did not run because the mistake in issuing the summons against James Fleming was one which the court has the right to correct, regardless of the statute. He cites Wilkinson v. North East Borough, 215 Pa. 486, where the prothonotary, by mistake, issued a summons in assumpsit on a præcipe in trespass and the court permitted the records to be amended so as to show the action was in trespass after the statutory limitation period had passed. The court said (p. 491) :

"The præcipe being a part of the record and having been filed in trespass, the amendment permitting the word 'assumpsit' inserted in summons by mistake of the prothonotary to be changed to 'trespass' to follow præcipe was not a change in the cause of action."

That case is readily distinguishable from the instant case. The statute fixed the time within which plaintiff was required to bring his action. In Delco Ice Mfg. Co. v. Frick Co., Inc., supra, the court indicated that court records could not be corrected by the court where constitutional rights or statutory provisions would be violated thereby. Furthermore, the original summons could not be corrected because plaintiff had sued and served the wrong man and due diligence on his part within the statutory period would have divulged such fact in time to have sued the right person.

The statute of limitations had run against plaintiff as to the defendant, James Fleming, on January 6,

1939. On February 3, 1939, the date the prothonotary asked leave to issue the alias writ of summons, had plaintiff, Nick Cardello, filed a new suit and issued a summons thereon no doubt he would have been met with the fact that the action had been barred for almost two months. He later attempted to overcome that difficulty by means of an alias writ of summons naming James Fleming, who was not a party sued under the wrong name in the original summons within the statutory period, but a new defendant, against whom no summons had issued within a period of two years after the cause of action arose.

Unquestionably, on and after January 6, 1939, James Fleming, the third party to the original summons, was deprived of a valuable right when the alias summons issued against him after the statute of limitations had barred a cause of action against him.

Plaintiff's contention is answered in Wenisch et al. v. Taylor, 86 Pitts. 395, where plaintiff was injured on June 19, 1933. On February 14, 1935, a præcipe was filed directing the prothonotary to issue a summons in trespass, which writ was prepared on the same date and made returnable to the first Monday of March, 1935. The writ and statement of claim remained in the files of the prothonotary until June 4, 1937, on which latter date the writ was received by the sheriff and returned by him tarde venit. On June 7, 1937, after the statute had run, an alias summons was issued and this, together with a copy of the statement of claim, was served on defendant. Defendant moved for a non pros, contending that the action was not brought within two years and that the alias summons had been issued more than two years after the date of the alleged summons, which made it invalid. The court made the rule for judgment of non pros absolute.

The writer has searched in vain for a case which will bear out plaintiff's contention of the right to bring in a third party to the original summons after the cause

of action against him has been barred by the statute of limitations, solely on the ground that he was not brought in within the statutory period because of an error on the part of the prothonotary. We have been unable to find any case.

In conclusion, we are of the opinion that the effect of the alias writ of summons was not for the purpose of correcting the name under which the right party was sued, but that it was solely for the purpose of bringing James Fleming, a new party, on the record after the statute of limitations had run on the action. Consequently, we are constrained to refuse plaintiff's motion for a new trial, defendant's motion for a new trial, and sustain defendant's motion for judgment non obstante veredicto. We, therefore, make the following

### Order

And now, July 15, 1941, after due and careful consideration, plaintiff's motion for new trial and defendant's motion for new trial, respectively, be and the same are hereby refused; defendant's motion for judgment non obstante veredicto is sustained; the verdict of the jury be and the same is hereby set aside and judgment non obstante veredicto is hereby entered in favor of defendant, James Fleming, and against plaintiff, Nick Cardello, upon payment of the verdict fee.