## Petillo v. Perry, Executrix, et al.

*Rames J. Bucci*, for plaintiff.
*Hymen Rubin*, for defendants.

OLIVER, P. J., July 26, 1943.—Plaintiff has two alleged unsecured claims which he is endeavoring to fixate and recover: the first, amounting to $4,000, allegedly loaned to decedent while alive, in 1937, to aid her to refinance her property; and the second, amounting to $656.50, loaned to the executrix-defendant, in 1940, for the payment of funeral expenses and inheritance taxes, and to aid in settling the affairs of the estate. Both loans were made upon oral contracts to repay.

The common pleas court may establish these claims: Pringle v. Pringle, Executrix, 130 Pa. 565 (1890); Phillips et al. v. The Allegheny Valley R. R. Co., 107 Pa. 472 (1884); against the estate: Swain et al. v. Ettling, 32 Pa. 486 (1859). And, as is necessary in the instant case, the court should determine the plaintiff-creditor's right at this time to prevent the statute of limitations from barring a subsequent recovery of the $4,000 claim: Middleton v. Norcross et al., 11 W. N. C. 322 (1882). The right is fixed at the time of decedent's demise, and although plaintiff can establish it in a common pleas court he cannot take any part of the estate under a judgment. He must go into the orphans' court to recover it, because that court has exclusive jurisdiction of the distribution of decedents' estates Strouse v. Lawrence, Admx., 160 Pa. 421 (1894); Whiteside v. Whiteside, 20 Pa 473 (1853). Plaintiff's action of assumpsit for the recovery of the $4,000 allegedly loaned to decedent while alive is correctly brought against the defendant-executrix: Kimble, Admr., v. Carothers, Admr., etc., 81 Pa. 494 (1876); Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(b), 20 PS §522.

Funeral expenses are not strictly the debt of the decedent but are so regarded in our law: Smith's Estate, 29 Dist. R. 917 (1920). This is clearly pronounced by the court in Byham v. Schrubb, 24 Dist. R. 170 (1914), thus (p. 172):

"We have been unable to find any decision classifying a claim for funeral expenses, but in view of the well settled policy of the law, evidenced by decisions and statutes, we are of the opinion that such a claim is comprehended in the statute of 1909 [Act of May 3, 1909, P. L. 386] under the phrase 'costs of the settlement of the estate,' and is subject to the same limitations as a debt contracted by decedent in his lifetime." (Approved in Weidner's Estate, 40 D.& C. 407 (1940).) See also Jack's Estate, 275 Pa. 405 (1923), Sinnott's Estate, 15 Dist. R. 873 (1906), Harding's Estate, 7 Dist. R. 679 (1898), and Meyer's Estate, 18 Phila. 42 (1886). It is the executor's duty to pay the funeral expenses and the decedent's estate is primarily liable: Volkwein v. Volkwein, Exec., 146 Pa. Superior Ct. 265 (1941).

However, even if plaintiff prevails in both claims, which we do not now decide, neither, when reduced to judgment, can be retained as a lien upon the decedent's estate: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(a), as amended by the Act of June 7, 1919, P. L. 412, 20 PS §521; Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(b), as amended by the Act of May 2, 1919, P. L. 104, 20 PS §522; Laziansky's Estate, 29 Schuyl. L. Reg. 181 (1931).

This action was brought against defendant executrix in her representative capacity, and also against defendant "Estate" of decedent. The latter is unnecessary and surplusage. The court may permit an amendment to strike a party plaintiff or defendant from the suit at any time, where it does not change the cause of action or prejudice the other party, and where by so doing it will prevent the defeat of justice: Act of April 12, 1858, P. L. 243, sec. 1, 12 PS §534; Power v. Grogan, 232 Pa. 387 (1911); Patton et al. v. The Pittsburgh, Cincinnati & St. Louis Ry. Co., 96 Pa. 169 (1880); Westcott et al. v. Edmunds, 68 Pa. 34 (1871); Cochran et al. v. Arnold et al., 58 Pa. 399 (1868); First National Bank of Ashley v. Tomichek et al., 140 Pa.

Superior Ct. 101 (1940) ; Moyer v. Frankford Crate Co. et al., 133 Pa. Superior Ct. 323 (1938) ; Sine, for use, v. Waychoff, 123 Pa. Superior Ct. 334 (1936) ; Hodges v. McGovern, 43 Pa. Superior Ct. 566 (1910). Upon plaintiff's motion, therefore, we will strike the extra defendant from the suit. See Walter v. Kensinger, 13 Pa. C. C. 222 (1893).

And now, July 26, 1943, the estate of Ersilia De Marco, also known as Elsie De Marco, deceased, as defendant, is stricken from the suit, and defendant's affidavit of defense to the amended statement of claim raising questions of law is hereby dismissed, with leave to defendant to file a supplemental affidavit of defense within 15 days.