# Wheeler et ux. v. Rom's Wholesale Grocer, Inc.

*P. Vincent Marino* and *William C. Porter*, for plaintiffs.

*Rufus S. Marriner*, for defendant.

CARSON, J., April 22, 1946.—On September 1, 1945, the Honorable Wallace S. Gourley (now judge of the United States District Court for the Western District of Pennsylvania) entered his appearance as attorney for plaintiffs, Henry Wheeler and Hattie Wheeler, his wife. At the same time he filed a præcipe directing the prothonotary to issue a summons in trespass against "Rom's Wholesale Grocer, Inc.," at no. 31, November term, 1945, returnable to the first Monday of October, 1945. The summons in trespass was issued to the sheriff of Washington County, who made the following return:

"I hereby certify and return that on Tuesday, the 11th day of September, 1945, at 12:30 P. M., I served the within writ upon the within named defendant, Rom's Wholesale Grocer, Inc., by handing to Louis Kolacynski, Manager for the Rom's Wholesale Grocer, Inc., at their place of business, Murdock Street, Canonsburg, Washington County, Pennsylvania, a true and attested copy of the within writ and making known to him the contents thereof."

From the record it appears that plaintiffs, on the same day, in like manner, filed at no. 30, November term, 1945, a companion suit, which was served in like

manner upon Louis Kolacynski, trading as Rom's Cash and Carry.

On October 1, 1945, Rufus S. Marriner, Esq., filed the following præcipe for appearance:

"Enter my appearance d. b. e. for the purpose of questioning and striking off the service, and quashing the writ, and claiming that there is no such company as defendant named."

On October 5, 1945, counsel for defendant filed a motion in writing, asking that the service be stricken off and the writ quashed, for the following reasons:

"1. The alleged service was made on Louis Kolacynski, who is not a manager nor officer of the alleged defendant.

"2. There is no such organization or company as 'Rom's Wholesale Grocer, Inc.'

"3. The attempted service was made as evidenced by a companion suit that Louis Kolacynski is trading as 'Rom's Cash & Carry.'

"4. That there is no such organization as 'Louis Kolacynski trading as Rom's Cash & Carry'."

This case, with the record in this condition, came before the court en banc at the January term of argument court. The record not disclosing sufficient facts as to the basis for argument, counsel agreed that testimony be taken. Accordingly, a hearing was had before Carson, J. Testimony was taken and a record made and transcribed. At the hearing plaintiff moved to amend the writ in trespass and filed the following written motion:

"And now, February 4, 1946, plaintiffs, Henry Wheeler and Hattie Wheeler, his wife, by their attorneys P. Vincent Marino and William C. Porter, move the court to amend the writ in the above entitled case to read as follows: Henry Wheeler and Hattie Wheeler, his wife, v. M. Rom & Sons Company, Inc."

On the back appears the following:

"Acceptance of Service

"Feb. 4, 1946, Service of within motion is hereby accepted.

"Rufus S. Marriner, Atty. D. B. E."

Defendant's counsel made the following objection to plaintiff's motion:

"First, the statute of limitations has run; second, the attempted amendment is using a name now that is entirely different from the name of defendant that was served. The only word in the name of defendant formally served that is similar to the name now used is Rom's. Third, we have now an entirely different case, the name of defendant being entirely different from the name of the original named defendant."

Plaintiffs' motion to amend the writ and the motion to strike off and quash the defendant's writ are now before the court en banc after argument.

Plaintiff did not ascertain the correct name of defendant until the date of the hearing, February 4, 1946.

Plaintiff, Henry Wheeler, claims that on September 17, 1943, while in defendant's store as a customer, merchandise fell upon him and he received the injuries for which this suit was brought. Louis Kolacynski was at that time defendant's manager in charge of the store.

Upon the outside of defendant's store was a large sign with the words "Rom's Wholesale Grocers" in large letters, and the words "Cash & Carry" in smaller letters. Defendant's invoices have printed on their face the name "Rom's Wholesale Grocers" and on the back in small letters "M. Rom and Sons Co." Defendant's business was listed in the classified advertising section of the Canonsburg telephone directory under the name of "Rom's Cash & Carry." When defendant's manager, Louis Kolacynski, was asked

whether there was such a corporate name as "Rom's Wholesale Grocer, Inc.," he stated that the names "Rom's Wholesale Grocers" and "Rom's Cash & Carry Wholesale Grocers" were used for advertising, as no one would know what business "M. Rom & Sons Company, Inc." was engaged in, and that by using the name "Rom's Wholesale Grocers" the public would know the nature of the business. Defendant did not register any name in accordance with the Fictitious Name Law.

Statutes dealing with amendments are liberally construed to prevent a defeat of justice being caused by a mistake of the parties. Amendments must be allowed to correct the name when the right party is sued and served. No attempt is being made by plaintiffs to bring in a new party defendant. Plaintiffs, within the statutory period, had notified the defendant, through its manager, Louis Kolacynski, of plaintiffs' claim and the manager had notified his superior.

The public knew defendant by the names which it held out to the public, namely "Rom's Wholesale Grocers" and "Rom's Cash & Carry." It used its trade names on its invoices, its windows, its place of business, its listing in the telephone directory, etc. Defendant did not disclose its full corporate name to its customers.

Plaintiffs sued under defendant's trade name. The papers were served at the store where plaintiff was injured and upon the person who had been the manager at the time of plaintiff's injury. The manager notified his superiors of the injury. Defendant therefore was a party to all of the transactions and is liable if plaintiff can sustain his claim of injury based upon defendant's negligence. Plaintiffs have dealt with and served the writ upon the right party. There can be no dispute but that plaintiffs intended to sue the party

who, they claim, is responsible for their damages. The effect of the amendment is simply to correct the name of the right party sued and the amendment is permissible: Wright v. Eureka Tempered Copper Co., 206 Pa. 274, which case is closely analogous to the instant case, and in which the Supreme Court reversed the lower court and allowed the amendment as to the name of defendant corporation after the statute of limitations had run.

Plaintiffs' understandable mistake in not securing defendant's proper corporate name should be corrected: McGinnis v. The Valvoline Oil Works, 251 Pa. 407. The statutes of amendments are to be liberally construed in favor of a trial on the merits. The principle on which such amendments are allowed should govern in this case: Holmes v. Pennsylvania Railroad Company, 220 Pa. 189, 193. In the case of Liesch v. Munhall, 118 Pa. Superior Ct. 555, an action in assumpsit was instituted against A. C. Munhall and Adina C. Munhall. At the trial it appeared that A. C. Munhall and Adina C. Munhall was one and the same person, but that her correct name was Ruth W. Munhall. An amendment was allowed, adding the name of Ruth W. Munhall. The court said in part (Pages 557 and 558):

"Statutes dealing with amendments are liberally construed to prevent a defeat of justice through a mere mistake as to the parties, and amendments will be allowed if the only effect is to correct the name of the right party sued. We think this not an attempt to bring in a new party on the record. The plaintiff merely made a mistake in the name of one of the parties sued, and the effect of the amendment was solely to correct that error: McGinnis v. The Valvoline Oil Works, 251 Pa. 407, 96 A. 1038. If the name of Ruth W. Munhall had appeared in the original writ and in

the statement of claim, and if the service by the sheriff had been made at the same place and in the same manner, it would have been valid as to both defendants. The evidence showed that she owned the residence on which the services were rendered, consulted with the plaintiff, gave him suggestions and instructions for the contemplated changes, etc. She was a party, therefore, to all the transactions and was liable if the plaintiff could sustain his averments.

"There can be no dispute that the plaintiff intended to make Ruth W. Munhall a party defendant, and, as the effect of the amendment was simply to correct the name of the right party sued, the amendment was properly allowed: Wright v. Eureka T. Copper Co., 206 Pa. 274, 55 A. 978."

A careful review of the authorities was made by Dumbauld, P. J., in an opinion dated March 4, 1941, in the case of Williams v. Dean Phipps Auto Stores, Inc., 41 D. & C. 430. In that case plaintiff had a personal injury claim against the owner of a store. The trade name used on the store was "Dean Phipps Auto Stores." The manager had said that the name of the owner was "Dean Phipps Auto Stores, Inc." The writ was served upon the manager. After the two-year statutory limitation period had passed, defendant denied the name and moved to abate the action. Thereupon, plaintiff moved to amend the name to read "Dean Phipps, trading as Dean Phipps Auto Stores." The amendment was allowed, and the acts of assembly and decisions of the courts relating to amendment of names are reviewed at great length. See also Dress v. Schuylkill Railway Co., 83 Pa. Superior Ct. 149.

The addition of new parties and the change of parties under common law and under the statutes of Pennsylvania are discussed in Vol. 2, Standard Pennsylvania Practice, pp. 381-387, and in Vol. 3, p. 619.

Under the common-law practice, where a mistake was made in naming the persons who should be parties to an action, plaintiff, generally, was compelled to abandon his suit and proceed de novo, but the practice has been greatly modified by statutes to permit changes to be made in the parties to actions. Parties may be added, substituted or dropped by permitting amendments, whenever it shall appear to the court that a mistake has been made in the name of the party. The statutes authorizing amendments have been construed as requiring the granting of an amendment in a proper case. The power to amend implies the duty to exercise such power in proper care. The Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, provides:

"That all actions pending or hereafter to be brought in the several courts of this commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

In view of the record and the undisputed facts, the court finds that plaintiff intended to sue "M. Ront & Sons Company, Inc.," and that although defendant was designated by its trade name in the original writ, defendant was the owner of the store in which plaintiff, Henry Wheeler, claims that he was injured, and of the place where the summons was served. The honest administration of justice requires that defendant's motion be dismissed and plaintiffs' motion to amend be granted.

### Order

And now, April 22, 1946, defendant's motion to strike off the service and to quash plaintiffs' writ is

refused. Plaintiffs' motion to amend the writ to read "Henry Wheeler and Hattie Wheeler, his wife, v. M. Rom & Sons Company, Inc.," is granted.